Date: February 16, 2020

Hon. Colleen McMahon
U.S. District Court

Re: **Dennis v K&L Gates, LLP et al., No 1:20-cv-09393-CM (SDNY)-Request for Extension**

Honorable Judge iMcMahon:

I am a pro se plaintiff claiming EEOC and other discrimination and retaliation claims against my former law firm K&L Gates (the "Gates firm"). I filed suit against the Gates firm in this Court, the Gates firm in turned filed a motion to Stay the Action. I am herewith requesting more time to file a response to the Gates firm's motion in this Court, due February 19, 2020

I am requesting an extension on grounds related to a long, well-documented series of dangerous incidents involving physical harassment and intimidation by the Gates firm against me.

Specifically, I have been subjected to continuous electronic eavesdropping and interference in my personal and privileged conversations including conversations between me and my attorneys and therapist. During these conversations I have discussed my legal strategies and therefore I have reason to believe that my ability to represent and defend my interests unimpeded in this matter have been severely compromised.

Just this past Friday, February 12, 2021, for example, there were three separate instances of such interference where the following words showed up on my caller ID while I was speaking with my attorney:

"Caller ID: Intimidation Phone# 0000."

In lieu of affidavits, which I intend to present to the court in due course, I have attached an exhibit with screenshots verifying the interference as described above.

At this time I cannot prove with absolute certainty that the Gates firm is responsible for the eavesdropping but such conduct would be wholly consistent with other reckless actions they have in fact taken including hiring armed guards to track me down and humiliate me at an all-women attorney legal conference held in Chicago, IL in 2018, where I was an invited guest, filing a frivolous criminal harassment complaint against me that was dropped and hiring private investigators to track me down and spy on me

during a several month period. Also, my investigators have told me that the technology used to interfere with my phone calls is quite sophisticated and is not likely random. So that would naturally implicate the Gates firm as they have the resources and the motive to engage in such activity, directly or indirectly through a third party. This type of interference also began just days after the New York District Attorney's Office of New York refused to pursue the frivolous harassment charges the Gates firm filed against me.

Among other things, I intend to procure affidavits, attesting to the actions and events above, with a goal of showing that, cumulatively at least, the Gates firm is the likely culprit of the electronic eavesdropping and interference activity and opening the door for me to raise these issues in my defense and to confront the Gates firm, where appropriate and applicable.

Accordingly, and respectfully, I request the 60 day extension to gather evidence that I can present to the court related to the eavesdropping, so I can properly respond to the motion, and so I can take the proper pre-cautions to ensure that my case is not compromised. I am in the process of identifying an investigator to uncover whatever evidence does exist and will present my findings to the court in due course. I am also taking steps to secure my communications with my therapist and my attorney. Ultimately, I am concerned that I cannot receive a fair trial while my communications are compromised and I am open to any recommendation the court may have.

In support of this extension of time request I have attached an copies of the e-mails from my therapist that details several of the eavesdropping incidents that have taken place during my conversations with him including a first violation of my privacy rights that occurred on October 1, 2020 and another incident that occurred on October 15, 2020. My therapist has indicated he will prepare an affadavit, among other things, covering the authenticity of the e-mails attached

There have been other issues affecting the confidentiality of my electronic communications over the past 10 months, including at least one incident involving me, my attorneys and representatives from Merrill Lynch where our conversations appear to have been cloned and replayed. As the incidents which ultimately led me to ask for this extension occurred only this past Friday as described above, I will use the extension period to procure the affadavits of others referenced above

Finally, the Gates firm, and in particular Michael Caccese, the Chairman of the Gates firm, has destroyed conversations that should have been preserved relating to this case. Related to Caccese's destruction of this information, I also respectfully ask the Court to contact Michael Caccese and order
him not to destroy any more documentation related to this case.

Accordingly, I am seeking a sixty (60) day extension of time from February 19, 2021 when my response to the Gates firm motion is due.

I have conferred with opposing counsel about this request for an extension. The Gates firm objects.

I thank the Court in advance for it's consideration of my request.

Respectfully submitted,

Willie Dennis
s/ Pro-Se Plaintiff
646-418-3320
woc2020@gmail.com

**Telecommunications Interference**
Friday, February 12, 2020



**Information to be contained in affadavif of therapist:**

Violation on October 1, 2020 as explained by my therapist (via e-mail the same day ):

"During our scheduled tele-psychotherapy session today the call was disrupted. Your response to one of the questions
   was placed on a repeated loop, which lasted for over five minutes (11:05 am to 11:11 am). My initial assessment was that
   you were repeating the narrative as a way of providing clarity. However, as I offered my interpretation, the recorded loop
   continued. At that point, it became apparent that the call was being interrupted or hacked. I tried several times
   unsuccessfully to disconnect the call. "