## The UPS Store #3249

| | |
|---|---|
| **From:** | Willie Dennis <woc2020@gmail.com> |
| **Sent:** | Thursday, June 30, 2022 5:27 PM |
| **To:** | Kathleen M. McKenna; Hadassa R. Waxman |
| **Cc:** | marguerite.colson@usdoj.gov; Sarah.Kushner@usdoj.gov; elizabethhickey@adr.org; Anthony Cecutti; Willie Dennis |
| **Subject:** | Urgent Request-Permission for Electronic Case Filing / Hearing Date Prior to July 13, 2022 |
| **Attachments:** | 20220630151737953.pdf; Item 8 Brady and Giglilon Material.pdf; 2022.06.22--Respondent's Opposition to Claimant's Request to Lift the Stay.pdf |

SDNY PRO SE OFFICE

2022 JUL -6 PM 2: 32

---

CAUTION! This email originated from outside of the organization. Please do not open attachments or click links from an unknown or suspicious origin.

---

Via Over Night Mail & ECF (Requested of Proskauer Rose )

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
<u>500 Pearl Street, Room 2230</u>
<u>New York, New York 10007</u>

Re:  **Willie Dennis v. KL Gates LLP. et al. No. 1:20-cv-09393-MKV**

Dear Judge Vyskocoli,

I write to you with an urgent request.

Please find attached below "MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING". I have filed this motion today ( attached below ) as required by the rules of the Court via e-mail to:

temporary_pro_se_filing@nysd.uscourts.gov

I respectfully request that the Court approve my motion as soon as the Court has the opportunity to review.

The urgency is a result of motions for my criminal trial ( September, 28, 2022 )in **U.S. v. Dennis, 20 Cr. 623 ( LGS )** before the Honorable Lorna G. Schofield are due on July 13, 2022. The ethical violations by Proskauer Rose in this matter require, in my humble opinion, a hearing and discovery in this matter prior to July 13, 2022 in order for me to receive a "fair trial" in **U.S. v. Dennis.**

The actions of Proskauer Rose which, in my humble opinion, need to be reviewed and considered by the Court , include, among other things, the following

1. On June 13, 2022 Proskauer Rose violated your Order dated March 24, 2021
( Docket No. 35 ) requiring the parties to file a " joint status " report, by filing without my consent, and intentionally omitting material information which I requested be included (i) the termination by me of on May 31, 2022, the representation of the Federal Defenders of New York in **U.S. v. Dennis, 20 Cr. 623 ( LGS )** as a result of conflicts of interests and ( ii) on May 31, 2022, the unilateral suspension by the Department of Justice of material discovery information requested by me ( See discovery request attached below )

1

2. Prior to June 22, 2022,, Proskauer Rose shared with the Department of Justice communations between the American Arbitration Association, Proskauer Rose and myself, without the knowledge or consent of the American Arbitration Association or myself.* In connection with its communications with the Department of Justice, on June 22, 2022, Proskauer Rose delivered an " alleged message" from the Department of Justice to the American Arbitration Association in an obvious attempt by Proskauer Rose to intimidate Arbitrator Clinkscale. ( See the Proskauer Report attached below)

As the possibility of the loss of my freedom comes closer each day and given that Proskauer Rose has committed all these violations knowing that the "allegations in the criminal proceedings overlap with the facts and issues in the arbitration "( See Prosker Rose's reports dated December 15, 2021 and March 15, 2022) I beg the Court to act as quickly as possible on my Motion For Permission For Electronic Case Filing and to schedule a hearing via video conference prior to July 13, 2022.

Via this e-mail I am also asking Proskauer Rose to please file this report today via ECF so no further time is lost given the stakes in **U.S. v. Dennis.**

In an effort to maintain complete transparency in this matter, I have copied on this communication, the American Arbitration Association, with the request that the American Arbitration Associarion forward this communication to Arbitrator Clinkscale.

I have also included the Department of Justice as **U.S. v. Dennis** now clearly has "overlapping issues"; with **Willie Dennis v. KL Gates**. The Department of Justice may reduce the Court's time on this matter (i) by indicating if it authorized Proskauer Rose to deliver the " message " to Arbitrstor Clinkscale or ( ii) dispute any of the facts I have set forth above relating to the status of the discovery process.

Again, I humbly request that the Court excuse this form of communication, in addition to my use of the required communication manner, given the importance of the subject matter.

Thank you for taking the time to consider this matter.

Respectfully submitted,

**Willie E. Dennis, Esq**
woc2020@gmail.com
**646-509-6889**
**Admitted in <u>New York, New Jersey</u> and the District of Columbia since 1988**

Btw. As the holiday weekend is approaching and a overnight deadline, please excuse any formatting problems or typos. I can resend if necessary

cc   AUSA Marguertie Colson ( via -mail
     AUSA, Department of Justice  Sarah Kushner ( via e-mail )
     Kathleen McKenna, Proskauer Rose ( via e-mail )
     Hadassa Waxman, Proskauer Rose ( via e-mail )

   Elizabeth Corsetti ( American Abritation Association  ( via e-mai)
   Arbitrator  Brent Clinckscale ( c/o Elzabeth Corsetti )
   Anthony Cecutti (Standby Counsel in U.S. v. Willie Dennis) ( via e-mail )


\* In the interests of fairness, the American Arbitration Association has been using its best efforts to maintain a wall of separation between **Willie Dennis v. K& L Gates** and **U.S.v. Willie Dennis.**

On June 28, 2022, during the hearing the Honorable Lorna G. Schofield stated that she did not think it appropiate for her to engage in discussions with Arbitrator Clinkscale.

The Department of Justice never responded as to wether the Department of Justice had, via Proskauer Rose, requested a " conversation " with Arbitrator Clinkscale

**Motion For Permission For Electronic Case Filing**

**Proskauer Report June 22, 2022**

**Discovery Request of May 31, 2022 ( As of the date hereof I have received no material from the Department of Justice )**



Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

June 22, 2022

**By Email**

Arbitrator Brent Clinkscale
c/o Elizabeth Corsetti
elizabethhickey@adr.org

Kathleen M. McKenna
Member of the Firm
d +1.212.969.3130
f 212.969.2900
kmckenna@proskauer.com
www.proskauer.com

Re:   <u>Willie E. Dennis v. K&L Gates LLP</u>; AAA Case No. 01-21-0002-7637

Dear Arbitrator Clinkscale:

We represent Respondent K&L Gates LLP ("K&L Gates" or the "Firm") and write in opposition to Claimant Willie Dennis's request to lift the stay on these proceedings.

K&L Gates opposes lifting the stay until the conclusion of Mr. Dennis's criminal case (now scheduled for trial on September 28, 2022) because of the substantial overlap between the factual issues in this arbitration and the criminal case against Mr. Dennis. Proceeding with the arbitration prior to the conclusion of the criminal case carries the risk of negatively impacting the criminal case. For this reason, as explained below, we have been advised by the United States Attorney's Office for the Southern District of New York, which is prosecuting the criminal case against Mr. Dennis, that it also opposes lifting the stay while the criminal case is pending.

As you may recall, the stay that is in place was requested by Mr. Dennis's criminal counsel, Neil Kelly of the Federal Defenders of New York. K&L Gates joined in Mr. Kelly's request to stay the arbitration pending resolution of the criminal charges brought against Mr. Dennis. Mr. Dennis has recently advised that he has terminated his criminal counsel's representation, and the Federal Defenders office consequently has sought leave to be relieved as Mr. Dennis's counsel. The United States District Court for the Southern District of New York presiding over Mr. Dennis's criminal case has scheduled a status conference for June 28, 2022, to address Mr. Dennis's request to represent himself at the upcoming criminal trial.

For the reasons previously articulated by Mr. Kelly and recounted below, this matter should continue to be stayed pending disposition of the criminal matter.

**Procedural Background**

By way of relevant background, on November 9, 2020, Mr. Dennis filed a *pro se* lawsuit against K&L Gates in the United States District Court for the Southern District of New York alleging, *inter alia*, claims of race discrimination, retaliation, negligent hiring, and breach of contract (the "Civil Case"). On November 18, 2020, the Firm moved to compel arbitration of those claims in the Superior Court of the District of Columbia pursuant to the parties' arbitration agreement.

# Proskauer»

Arbitrator Brent Clinkscale
June 22, 2022
Page 2

The Superior Court granted that motion on February 22, 2021. On March 24, 2021, the Civil Case was stayed pending the outcome of arbitration. On April 20, 2021, Mr. Dennis filed a Demand for Arbitration with the American Arbitration Association, asserting the same claims that he had asserted in the Civil Case.

On or about November 19, 2021, Mr. Dennis was arrested on a Federal criminal indictment charging him with four counts of cyberstalking in violation of Federal criminal law. Following Mr. Dennis's arrest, a criminal complaint against him dated October 28, 2020, was unsealed, which contained details of Mr. Dennis's criminal conduct that resulted in the charges set forth in the indictment (the "Criminal Case").[1]

On December 13, 2021, Mr. Kelly wrote to you as the Arbitrator on behalf of Mr. Dennis requesting a stay of these proceedings pending the outcome of the Criminal Case. Mr. Kelly stated in his letter that there is significant overlap between the Criminal Case—which alleges that Mr. Dennis stalked and threatened his former colleagues at K&L Gates—and this arbitration, in which Mr. Dennis challenges his expulsion from the Firm's partnership, which the Firm has explained was a consequence of Mr. Dennis's harassing behavior. Mr. Kelly aptly observed that Mr. Dennis's responses to the Firm's discovery requests "would risk self-incrimination and/or the waiver of Mr. Dennis's Fifth Amendment rights in the Criminal Case" and that "Mr. Dennis's rights in the Criminal Case would be particularly at risk if he were to further participate in this arbitration without counsel." *Id.* at 2. Mr. Kelly also noted that Mr. Dennis had been released from incarceration "pursuant to an Appearance Bond, one of the conditions of which is that Mr. Dennis have no contact with any current or former employee of K&L Gates" and that Mr. Dennis would be unable to attend depositions in this arbitration "without violating the terms of his bond." *Id.* at 3.[2]

K&L Gates consented to Mr. Dennis's requested stay, and on January 6, 2022, you issued an order staying the arbitration proceedings pending the outcome of the Criminal Case. Trial in the Criminal Case has been scheduled to commence on September 28, 2022.

## This Case Should Remain Stayed

This case should remain stayed because the criminal charges have not yet been resolved, and the reasons that Mr. Dennis's criminal counsel requested the stay in the first instance are still applicable.

First, Mr. Dennis has been charged with criminally stalking and threatening his former partners at K&L Gates. The Firm and the other victims of Mr. Dennis's crimes should not be required to participate in discovery at this time given that the criminal trial is scheduled for September 2022,

---

[1] A copy of the October 28, 2020 criminal complaint against Mr. Dennis is attached as Exhibit A. A copy of the indictment is attached as Exhibit B.

[2] A copy of the Bail Disposition is attached as Exhibit C.

**Proskauer»**

Arbitrator Brent Clinkscale
June 22, 2022
Page 3

as it is foreseeable that these same witnesses will need to prepare for and testify at the criminal trial. Discovery could easily be abused as a vehicle to harass and intimidate those witnesses. His victims should not have to be victimized by Mr. Dennis again through discovery while the Criminal Case remains pending.

Second, the terms of Mr. Dennis's pretrial bond require that he "not contact the four victims identified in the indictment" and "not contact any employee and partner, including former employees and partners, of K&L Gates." (Ex. C.) Because Mr. Dennis is proceeding *pro se* in this arbitration, it would be impossible for discovery to proceed without Mr. Dennis having contact with his former colleagues at K&L Gates. Discovery would necessarily require that Mr. Dennis have contact with victims and other K&L Gates witnesses. As Mr. Kelly warned in his December 13 letter, such contact would undoubtedly constitute a violation of the terms of Mr. Dennis's release. The Firm does not wish to be complicit in Mr. Dennis violating the terms of his pretrial release.

Third, as is obvious, a stay is needed because of the substantial overlap between the allegations in this arbitration and the Criminal Case. As Mr. Kelly cautioned, if discovery in this arbitration proceeds prior to the resolution of the Criminal Case, Mr. Dennis will run the risk of incriminating himself and is likely to assert his Fifth Amendment rights in response to discovery requests or deposition questions. The Firm, however, will be required to produce discovery, including making available for depositions current and former K&L Gates lawyers, many of whom were victims of Mr. Dennis's cybercrimes for which he has been indicted. It is not possible for there to be bilateral discovery without Mr. Dennis risking self-incrimination. If discovery were to proceed, there will inevitably be endless disputes about Mr. Dennis's Fifth Amendment rights that can be avoided by maintaining the stay of this case until the Criminal Case concludes.

For these reasons, the Firm respectfully requests that as the Arbitrator you maintain the stay of this matter pending resolution of the Criminal Case against Mr. Dennis. We have been advised by the United States Attorney's Office that it also opposes lifting the stay, in particular because the cyberstalking victims should not need to engage in discovery while the Criminal Case is pending. The United States Attorney's Office has informed us that it requests the opportunity to be heard directly on this issue if you are inclined to lift the stay.

Respectfully submitted,

/s/ *Kathleen M. McKenna*

cc:    Willie E. Dennis, Esq. (Claimant)

131591759v5

**Item 8 Brady and Giglilon Material**

### A. Minutes of the Meetings of the Executive Commitee of the Firm

The minutes of the Executive Committee of the KL Gatesthe " Firm " ) , members in attendance , resolutions passed and all communications (whether in "hard copy," electronic, or any other form, and including (without limitation) emails, text messages, instant messages, voicemails and any other recordings or recordations) from, to or copying any member of the Firm( " Communications " ) that concern, refer or relate to, or otherwise involve (or involved) Mr Dennis with respect to the following:

1. the suspensión of Mr Dennis from the Firm on January 19, 2019;

2. the settlement proposal delivered to Mr Dennis on January 30, 2019;

3. the expulsión of Mr Dennis from the Firm on May 20, 2019;

4. the decision by the Firm to file a criminal complaint with the District Attorney;

5. the decision by the Firm to file a criminal complaint with the Southern District;

6. the decision by the Firm to hire a private investigation firm to surveil Mr Dennis at the Corporate Counsel Women of Color at its annual conference in September of 2019

7. the decision to by the Firm to alter the compensation arrangement between Mr Dennis and Robert Matlin ;

8. the decision by the Firm to not meet with Bruce Jackson of Microsoft during all of 2018.

9. the decision by the Firm not to institute Mr Dennis suggestions of " best practices" with respescf to sexual harrasment complaints made by women attorneys of the Firm

To the extent there were no Firm meetings with respect to these matters, the persons who made such decisions and the basis of their authority should be identified . Such material must include the communications between, among others, Michael Cacesse, James Segerdhal, David Tang and Rosemary Alito ( Executive Committee member and the Global Head of Labor and Employment practice   )

### B. Sexual Harrassment

1 All communications between the members of the Executive Committee of the Firm relating to Mr Dennis request after reviewing this article in December 2018  https://www.law.com/thelegalintelligencer/2018/12/12/at-kl-gates-women-alleged-misconduct-and-left-as-accused-partners-stayed-on/,   for a more transparent sexual harassment process within the Firm.

2 The names of all partners who had sexual harrassment complaints file against them
 ( We need to determine if any of the witnesses testifying against me were accused of sexual harrassment )

3  All e-mails between the members of Executive Commmitte of the Firm in connection with the article  written by Alexis Shane entitled ": K& L Gates  Calls Former Partner Serial  Harrasser " Law360 dated, November 20, 2020

 4  All e-mails between all the members of the Executive Comitee of the Firm relating to the article entitles "K&L Gates Ex-Partner's Bias Suit Stayed For Arbitration"
By Marco Poggio Law360 (March 25, 2021)


## C. Compensation

1. The names of the partners who were allocated Mr Dennis' business origination credits after his expulsion on May 20, 2019, including  the names of the clients ( We need to determine if any of the witnesses financially benefited from the complaints filed against me );

2 The names of the partners who serviced Mr Dennis' clients after his suspension on January 19, 2019;

3. Copies of all Communications  between and among Annette Becker and the members of
the Executive Committee  with respect to the meeting with Bruce Jackson of Microsoft, Annette Becker  and Mr Dennis  at the Pershing Square Cafe in August of 2017 .

4  Copies of all Communicatioms between Michael Zanic and the members of the Executive Committee relating to the phone call Mr Zanic had with Bruce Jackson of Microsoft relating to Mr Dennis  on or about January 27, 2018.

5. All Communications  between the members of the Execuitive Commitee relating to Mr Dennis' e-mail in November of 2018 identifying a potential business conflict between Amazon and Microsoft.

 6.  Copies of all  Communications  between David Tang and the members of the Executive Committee relating to Mr Dennis e-mail to Mr Tang on January ....relating to Microsoft client billings.

7. Please provides copies of all financial information relating to Mr Dennis  provided by the Firm  to Michael Todd Mueller, Esq  in February of 2019, in connection with Bailey v. Dennis.

8 Please provide copies of all Communications between David Tang and the members of the Execituvie Committee relating to Mr Dennis' e-mails in October of 2020 to Bradford Smith, the President and Chief Executive Officer of Microsoft relating to the Firm's offices in **Beijing, Shanghai, Singapore and Taipei**

**D. Agreements /Complaints**

1. Please provide a copy of the security agreement (s) wether so named or, otherwise between the Firm and the company retained by the Firm to conduct surveillance of Mr Dennis at the Corporate Counsel Women of Color annual conference in September of 2019 at the Chicago Marriott

2. Please provide a copies of all sponsorship agreements between thr Firm and the Corporate Counsel Women of Color. ( I am being accused of racist and sexually harassing e-mails. In the last agreement I was specifically named as mandatory relationship partner because of my 17 years of support of the organization )

3. Please provide a copy of the complaint relating to Mr. Dennis filed by the Firm with the 17th Preceinct of the City of New York on or about September 4, 2019

4 Please copies of the following agreements :

    (a) Retainer Agreement(s) and engagement letters between the Firm and Microsoft, along withany agreements or understandings reflectingeither's stated or agreed upon diversity goals, ifany.

(b) Retainer Agreement(s) between Firm andPepsiCo relating to the PepsiCo/Starbucks classaction litigation referenced in Paul Sweeney's email dated December 2019 (the"PepsiCo/Starbucks Litigation") along with anyagreements or understandings reflecting either'sstated or agreed upon diversity goals, if any.

(c Retainer Agreement(s) between the Firm, andStarbucks relating to the PepsiCo/StarbucksLitigation, along with any agreements orunderstandings reflecting either's stated or agreedupon diversity goals, if any.

(d) Retainer Agreement(s) between Firm andAmazon relating to any matters in connection with Amazon's establishment of substantial newplaces of business in New York, New Jersey,Washington, DC, Virginia (the "AmazonBusiness" per James Segerdahl e-mailcommunication to all partners dated November2018) along with any agreements orunderstandings reflecting either's stated or agreedupon diversity goals, if any

(e) Retainer Agreement(s) between the Firm andMass Mutual.

(f) Retainer Agreement(s) between the Firm andLockheed Boeing, along with any agreements orunderstandings reflecting either's stated or agreedupon diversity goals, if any

(g) Retainer Agreement(s) between Respondent andFacebook n/k/a Meta, along with any a greementsor understandings reflecting either's stated oragreed upon diversity goals, if any.

**E. Misc**

1. Please provide a written explanation as to why Bradford Smith, the President and General Counsel of Microsoft was included on the Department of Justice's No Contact List dated December 12, 2021.

2. Please provide a written explanation as to why John W, Thompson, the Chairman of Microsoft at the time, was included on the Department of Justice's No Contact List dated December 12, 2021.

3. Please provide any communications to the Department of Justice from Mr. Smith, Mr Thompson or any of their respective agents with respect to U.S. v. Dennis.

Sent from my iPad

DENNIS WILLIE
(646) 509-6889
5868 HIDDEN GLADE PL
SANFORD FL 32771

SHIP   SOUTHERN DISTRICT US COURT
TO:    THE HONORADLE MARY KAY VYSKOCIL
       RM 2230
       500 PEARL ST

NEW YORK NY 10007-1316

NY 102 9-10

UPS NEXT DAY AIR
TRACKING #: 1Z 976 YY1 01 5309 0573

BILLING: P/P
UPS CARBON NEUTRAL SHIPMENT

0.3 LBS   LTR 1 OF 1
SHP WT: LTR
DATE: 30 JUN 2022

RECEIVED
SDNY PRO SE OFFICE
2022 JUL -6 PM 2:31