Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

January 13, 2025

<div style="float:right">
Kathleen M. McKenna
Member of the Firm
d +1.212.969.3130
f 212.969.2900
kmckenna@proskauer.com
www.proskauer.com
</div>

**VIA ECF**

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

Re:   *Willie Dennis v. K&L Gates LLP, et al.*, No. 1:20-cv-09393-MKV

Dear Judge Vyskocil:

We represent Defendants in the above-referenced matter. We write pursuant to Rule 9(B) of Your Honor's Individual Rules to request that the Arbitrator's confidential decision dismissing Mr. Dennis's claims, which is attached as Exhibit A to the joint letter filed today, be kept under seal. This confidential document should be sealed because it is not a judicial document and there is no presumption of public access to it.

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *D.J.C.V. v. United States*, No. 20-cv-5747, 2023 WL 3775283, at *1 (S.D.N.Y. June 2, 2023); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Court must first determine whether the documents at issue are "judicial documents." *D.J.C.V.* at *1. A document must "be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." *Id.* Second, the Court must determine the "weight of the presumption of public access." *Id.* Third, the Court must balance "countervailing interests against the presumption." *Id.*

The Arbitrator's decision is confidential pursuant to the Partnership Agreement entered between the Parties. Mr. Dennis, a former equity partner of K&L Gates, voluntarily entered into the Firm's Partnership Agreement and expressly agreed to confidentially arbitrate "any controversy, claim, or dispute between or among one or more Partners, including but not limited to any former partners, and the Partnership." (Dkt. 7-1 at Pages 30-32.) Under the Partnership Agreement, any information concerning the arbitration proceedings—which includes information concerning the arbitration's resolution—is confidential. (*See id.*)

There is no basis to make the Arbitrator's confidential decision a matter of public record because it is not a judicial document. Indeed, the Parties have only provided the Court with the Arbitrator's decision in order to comply with the Court's prior Order requiring the Parties to update the Court

on the resolution of the Arbitration (Dkt. 35). There are no open issues for the Court to adjudicate in reliance upon the substance of the Arbitrator's decision.

Moreover, and importantly, there is no presumption of public access to the Arbitrator's decision, as this matter should never have been publicly filed with this Court in the first place. As the Superior Court for the District of Columbia previously determined, all of the claims asserted by Mr. Dennis are subject to the Parties' broad agreement to arbitrate all disputes confidentially (*see* Dkt. 33), and Mr. Dennis's public filing of a complaint in this Court violated the Parties' agreement. Accordingly, there is no presumption of public access to the Arbitrator's decision concerning claims that should have been in confidential arbitration all along.

We thank the Court for its consideration and attention to this matter.

Respectfully submitted,


*/s/ Kathleen M. McKenna*

cc:    Willie Dennis, Esq. (by ECF)