USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/25/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIE E. DENNIS,

                        Plaintiff,

-against-

K&L GATES LLP, DAVID TANG, JAMES SEGERDAHL, JEFFREY MALETTA, MICHAEL CACCESE, ANNETTE BECKER, PALLAVI WAHI, JOHN BICKS, and CHARLES TEA,

                        Defendants.

1:20-cv-9393 (MKV)

**ORDER DENYING TRO AND RESOLVING RELATED ISSUES**

---

MARY KAY VYSKOCIL, United States District Judge:

        Plaintiff's Amended Complaint in this action alleges claims for (1) race discrimination and retaliation in violation of Section 1981, Title VII, (2) race discrimination, retaliation, and aiding and abetting discrimination and retaliation in violation of New York State Human Rights Law and New York City Human Rights Law, (3) negligent hiring, training, retention and supervision, and (4) unjust enrichment, (5) intentional infliction of emotional distress, and (6) negligent infliction of emotional distress. *See* Amended Complaint ¶¶ 123–223, ("Am. Comp."), [ECF No. 34]. A motion to compel arbitration was granted by the District of Columbia and therefore this case was subsequently stayed pending the outcome of the American Arbitration Association ("AAA") proceeding between the parties. [ECF No. 35].

        The parties filed a joint letter informing the Court that the Arbitrator in the AAA issued a "confidential decision dismissing all of Mr. Dennis's claims with prejudice – the same claims asserted by Mr. Dennis in his case." [ECF No. 58]. In this letter Defendants requested that the Court dismiss this action with prejudice. [ECF No. 58]. In the same letter, Plaintiff, proceeding

1

*pro se*, requested that Court retain jurisdiction until his forthcoming motion to vacate the Arbitration decision is ruled upon. [ECF No. 58].

Thereafter, Defendants filed another letter advising the Court that since the parties' joint letter was filed, the AAA Arbitrator also issued a "confidential ruling denying Mr. Dennis's application for modification of the Award" and stating that Defendants "maintain their request that the Court dismiss this action with prejudice." [ECF No. 65].

Subsequently, Plaintiff filed a letter titled "Urgent Request for The Issuance of A Temporary Injunction Preventing the American Arbitration Association from Accepting Any New Orders From Arbitrator [] Until Certain Issues Are Resolved By This Court." [ECF No. 70]. Specifically, Plaintiff asks this Court to prevent "the American Arbitration Association from accepting any new orders from Arbitrator [] until certain issues are addressed by this Court." [ECF No. 70 at 1]. Plaintiff also requests in this letter that the Court "provide [him] with the time to retain counsel." [ECF No. 70]. Defendants replied to Plaintiff's request and asserted that Plaintiff's request for a temporary injunction is "meritless" because the AAA proceedings have concluded and thus there is no risk of receiving additional orders from the AAA arbitrator. [ECF No. 71].

## DISCUSSION

The Court acknowledges that at present, Plaintiff is proceeding *pro se* and as such the Court must "liberally construe[]" documents submitted by Plaintiff. *Boykin v. KeyCorp*, 521 F.3d 202 (2d Cir. 2008); *see also Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)) ("Courts must afford *pro se* plaintiffs 'special solicitude' " in reviewing their filings.). However, that Court also notes that leniency afforded to *pro se* litigants does not typically apply to lawyers representing themselves. *See Tracy*

*v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (holding that "a lawyer representing himself ordinarily receives no [special] solicitude at all"); *Harbulak v. County of Suffolk,* 654 F.2d 194, 198 (2d Cir. 1981) (finding *pro se* attorneys typically "cannot claim the special consideration which the courts customarily grant to *pro se* parties"). Nonetheless, Plaintiff is proceeding *pro se* in this action and at least at this time the Court will afford Plaintiff some leniency.

Generally, to obtain a TRO and/or preliminary injunction, a party must demonstrate "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair grounds for litigation and a balance of hardships tipping decidedly in the movant's favor. " *MyWebGrocer, L.L.C. v. Hometown Info., Inc.*, 375 F.3d 190, 192 (2d Cir. 2004). "Such relief, however, 'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.' " *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

Plaintiff's letter request, even when construed liberally, fails to sufficiently demonstrate that the standards necessary for an entry of such drastic relief are satisfied, let alone satisfied by a clear showing. As an initial matter, the Second Circuit has held that a district court lacks jurisdiction to order relief where a motion for a temporary restraining order and/or preliminary injunction "presents issues which are entirely different from those which were alleged in [the] original complaint." *Stewart v. INS*, 762 F.2d 193, 199 (2d Cir. 1985); *see also Bonie v. Annucci*, No. 20-CV-640, 2020 WL 2489063, at *3 (S.D.N.Y. May 14, 2020) ("A preliminary injunction or a TRO is not proper where the motion . . . presents issues that are different from those named and alleged in the complaint."). Here, Plaintiff seeks a temporary restraining order raising issues related to evidence presented in separate criminal case and in the AAA arbitration between the

3

parties, the fairness of the AAA arbitrator, and generally about his alleged grievances with the arbitration process. [ECF No. 70]. These issues are separate and wholly distinct from the allegations asserted in the Amended Complaint in this action was alleged claimed for (1) race discrimination and retaliation in violation of Section 1981, Title VII, (2) race discrimination, retaliation, and aiding and abetting discrimination and retaliation in violation of New York State Human Rights Law and New York City Human Rights Law, (3) negligent hiring, training, retention and supervision, and (4) unjust enrichment, (5) intentional infliction of emotional distress, and (6) negligent infliction of emotional distress. *See generally* Am. Compl. ¶¶ 123–223. Therefore, the relief sought here "presents issues which are entirely different" from those which were alleged in Plaintiff's Amended Complaint, *Stewart*, 762 F.2d at 199, and this Court lacks the jurisdiction to order the relief sought.

Moreover, Plaintiff has failed to establish a substantial likelihood of success on the merits. Plaintiff argues in his letter that "all [that] is required [for him] to prevail is to provide this Court with the sworn testimony provided by" three individuals "in the criminal case and the arbitration." [ECF No. 70 at 2]. However, Plaintiff has not made clear how this assertion demonstrates a substantial likelihood of success on the merits of any claim asserted in this action. Indeed, it is unclear to what "claim" this even relates or whether the Court has power over such claim since this matter has been stayed, [ECF No. 35], precisely because the parties agreed to arbitrate all their disputes. *See* ECF No. 6 at 5 (the parties "voluntarily entered into the Firm's Partnership Agreement and expressly agreed to arbitrate 'any controversy, claim, or dispute between or among one or more Partners, including but not limited to any former partners, and the Partnership' "); *see Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015) ("the text, structure, and underlying policy

4

of the FAA mandate a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested.")

Additionally, Plaintiff has also failed to demonstrate irreparable harm absent an injunction. Plaintiff argues that he "will suffer irreparable injury if the temporary injunction is not granted as criminal penalties will be imposed on [him] in a civil matter due to the false testimony." [ECF No. 70 at 2]. Again, Plaintiff has failed offer any explanation how absent an injunction from this Court additional "criminal penalties" will be imposed on him, [ECF No. 70 at 2], therefore, Plaintiff has failed to allege the "single most important prerequisite for the issuance of a preliminary injunction." *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 672 (2d Cir. 2023)

Plaintiff seeks extraordinary relief and he has not, even with the special solicitudes afforded to *pro se* Plaintiffs, *Anderson Bey v. Roc Nation LLC*, No. 1:24-CV-02295, 2025 WL 560751, at *5 (S.D.N.Y. Feb. 20, 2025), "carrie[d] the burden of persuasion" required to receive such a drastic remedy. *Moore*, 409 F.3d at 510 (quoting *Mazurek*, 520 U.S. at 972); *see also Cunningham*, No. 19-CV-5480, 2019 WL 5887450, at *1 (S.D.N.Y. Nov. 9, 2019) (denying *pro se* Plaintiff's request for a temporary restraining order or a preliminary injunction because he failed to carry his "burden on any of the three requirements" by failing to provide "any legal analysis or justification for why the Court should grant him injunctive relief"). Thus, Plaintiff's request for a temporary injunction must be denied.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's request for a temporary injunction is DENIED.

IT IS FURTHER ORDERED that Plaintiff's request that the Court provide him time to retain counsel to represent him in this action is GRANTED. On or before April 21, 2025 Plaintiff's

5

anticipated counsel shall make an appearance on the docket. If no notice of appearance is filed by that date Plaintiff shall continue to proceed *pro se*.

IT IS FURTHER ORDERED that the parties' various motions to seal and maintain redacted documents, [ECF Nos. 59, 61, 63, 66, 72], are GRANTED.

IT IS FURTHER ORDERED that if Defendants wish to move to dismiss this action they must do so in accordance with the Federal Rules of Civil Procedures, the Local Rules, and this Court's Individual Rules of Practice in Civil Cases. *See* Individual Rules of Practice in Civil Cases Rule 4.

The Clerk of Court is respectfully requested to terminate the motions pending at docket entries 59, 63, 66, 72.

**SO ORDERED.**

**Date:   March 25, 2025**
**New York, NY**
   　　　　　　　　　　　　　　　　　　　　**MARY KAY VYSKOCIL**
   　　　　　　　　　　　　　　　　　　　　**United States District Judge**