USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/11/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIE E. DENNIS,

　　　　　　　　　　　Plaintiff,

-against-

K&L GATES LLP, *et al.*,

　　　　　　　　　　　Defendants.

---

1:20-cv-9393 (MKV)

**ORDER DENYING REQUESTS
FOR TEMPORARY
RESTRAINING ORDERS AND
RESOLVING RELATED ISSUES**

MARY KAY VYSKOCIL, United States District Judge:

Familiarity with the facts and procedural history of this case are presumed for purposes of this Order. In brief, Plaintiff, proceeding *pro se*, alleges claims for race discrimination and retaliation in violation of Section 1981, Title VII, and various other state law claims. *See* Amended Complaint ¶¶ 123–223, ("Am. Comp."), [ECF No. 34]. A motion to compel arbitration was granted by the District of Columbia and this case was subsequently stayed pending the outcome of the American Arbitration Association ("AAA") proceeding between the parties. [ECF No. 35]. Recently, the parties submitted various letters. [ECF Nos. 77–80]. Included in these letters are two letters submitted by Plaintiff requesting that the Court "issue a temporary injunction preventing Mr. Mungovan or any other partner or employee of Proskauer from making any claims to any law enforcement agency in the United States which could result in my arrest," [ECF No. 78], and "to permanently enjoin any partner or employee of Proskauer or K&L Gates from commencing any criminal or civil actions against me solely with respect to Proskauer's recent unsupported claims of harassment." [ECF No. 80].

In response to these letters the Court scheduled a conference to be held on April 15, 2025 at 3:00 PM. Thereafter, the parties filed letters, [ECF Nos. 82, 83] related to Defendants' request to adjourn the conference due to unavailability.

1

**DISCUSSION**

As this Court explained in a prior Order, [ECF No. 75], Plaintiff is proceeding *pro se* and as such the Court must "liberally construe[]" documents submitted by Plaintiff. *Boykin v. KeyCorp*, 521 F.3d 202 (2d Cir. 2008); *see also Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)) ("Courts must afford *pro se* plaintiffs 'special solicitude' " in reviewing their filings.). However, the Court notes that the Second Circuit has made clear that *pro se* status does not "excuse frivolous or vexatious filings" or "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks and citations omitted).

To obtain a temporary restraining order and/or preliminary injunction, a party must demonstrate "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair grounds for litigation and a balance of hardships tipping decidedly in the movant's favor. " *MyWebGrocer, L.L.C. v. Hometown Info., Inc.*, 375 F.3d 190, 192 (2d Cir. 2004). "Such relief, however, 'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.' " *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

For substantially the same reasons the Court explained in its prior Order denying Plaintiff's first request for a temporary restraining order, [ECF No. 75], Plaintiff's letters fail to sufficiently demonstrate that he is entitled to such drastic relief. As an initial matter, district court lacks jurisdiction to order relief where a motion for a temporary restraining order and/or preliminary injunction "presents issues which are entirely different from those which were alleged in [the]

2

original complaint." *Stewart v. INS*, 762 F.2d 193, 199 (2d Cir. 1985); *see also Bonie v. Annucci*, No. 20-CV-640, 2020 WL 2489063, at *3 (S.D.N.Y. May 14, 2020) ("A preliminary injunction or a TRO is not proper where the motion . . . presents issues that are different from those named and alleged in the complaint."). Here, Plaintiff seeks a temporary restraining order and/or preliminary injunction unrelated to the allegations asserted in the Amended Complaint. *See generally* Am. Compl. ¶¶ 123–223. Therefore, the relief sought here "presents issues which are entirely different" from those which were alleged in Plaintiff's Amended Complaint, *Stewart*, 762 F.2d at 199, and this Court lacks the jurisdiction to order the relief sought.

Additionally, Plaintiff has also failed to demonstrate irreparable harm absent an injunction. To satisfy the irreparable harm requirement, Plaintiff "must demonstrate that absent a preliminary injunction [he] will suffer an injury that is *neither remote nor speculative, but actual and imminent*, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *See Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internation quotations and citation omitted) (emphasis added). Plaintiff argues that absent an Order from this Court he "may be arrested and imprisoned." ECF No 78 at 2; *see also* ECF No. 80. However, these speculative concerns are not concrete and imminent harms to support the irreparable harm element. Thus, Plaintiff has failed to allege the "single most important prerequisite for the issuance of a preliminary injunction," *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 672 (2d Cir. 2023), and his requests must be denied on that basis as well.

Plaintiff has not, even with the special solicitudes afforded to *pro se* Plaintiffs, *Anderson Bey v. Roc Nation LLC*, No. 1:24-CV-02295, 2025 WL 560751, at *5 (S.D.N.Y. Feb. 20, 2025), "carrie[d] the burden of persuasion" required to receive such a drastic remedy. *Moore*, 409 F.3d at 510 (quoting *Mazurek*, 520 U.S. at 972); *see also Cunningham*, No. 19-CV-5480, 2019 WL

5887450, at \*1 (S.D.N.Y. Nov. 9, 2019) (denying *pro se* Plaintiff's request for a temporary restraining order or a preliminary injunction because he failed to carry his "burden on any of the three requirements"). Plaintiff's requests for temporary restraining orders and/or preliminary injunctions must be denied.

<u>**CONCLUSION**</u>

IT IS HEREBY ORDERED that Plaintiff's letters requesting temporary restraining orders and/or preliminary injunctions [ECF Nos. 78, 80] are DENIED.

IT IS FURTHER ORDERED that the conference scheduled for April 15, 2025 at 3:00 PM is ADJOURNED to May 1, 2025 at 2:00 PM.

**The parties are reminded that they must comply with this Court's Individual Practice Rules and continued failure to comply with this Court's Individual Practice Rules, may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 83.

**SO ORDERED.**

**Date:  April 11, 2025**
       **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**