USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/9/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIE E. DENNIS,

                           Plaintiff,

-against-

K&L GATES LLP, *et al.*,

                          Defendants.

---

1:20-cv-9393 (MKV)

**ORDER**

      Plaintiff, proceeding *pro se*, has filed his third request seeking an extension to file his opposition to Defendants' motion to dismiss. For the reasons discussed below this request is DENIED.

      On May 1, 2025, the Court set a briefing schedule on Defendants' anticipated motion to dismiss. [ECF No. 92]. Defendants filed their motion to dismiss on May 14, 2025 in accordance with this Court's scheduling Order. [ECF No. 97]. Shortly thereafter, Plaintiff filed a letter requesting an extension of the deadline to file his opposition due to a medical emergency. [ECF No. 100]. The Court granted Plaintiff's request to extend the deadline to file his opposition from June 5, 2025 to July 1, 2025. [ECF No. 103]. The Court warned Plaintiff in this Order that "**No further extension of this briefing schedule will be granted absent unforeseen and extraordinary circumstances.**" [ECF No. 103] (emphasis in original).

      Thereafter, Plaintiff requested a temporary medical stay of the proceedings and all deadlines, [ECF Nos. 104, 105], which Defendants strongly opposed. [ECF No. 106]. Ultimately, the Court denied Plaintiff's request for a wholesale temporary medical stay of all proceedings and deadlines, but granted Plaintiff "**one final** extension" to file his opposition to Defendants' motion to dismiss on or before August 4, 2025. [ECF No. 113] (emphasis in original). The Court cautioned Plaintiff in that Order that "**no further extensions will be granted**" and that "[**i**]f

1

**Plaintiff fails to comply with this Order the Court will consider Defendants' motion unopposed**." [ECF No. 113] (emphasis in original).

On July 7, 2025, Plaintiff again asked the Court for an extension, this time a "brief two-week" extension, to file his opposition to Defendants' motion to dismiss due to his inability to collect records from the American Arbitration Association. [ECF No. 117]. The Court has granted Plaintiff multiple month-long extensions to ensure that Plaintiff, a former attorney proceeding *pro se* in this matter, had ample opportunity to oppose Defendants' motion to dismiss. The Court has also very clearly warned Plaintiff that the prior extension was the final extension of the deadline to oppose and that no further extensions would be granted. [ECF No. 113]. Although the Court must provide plaintiffs proceeding *pro se* special solicitudes, that consideration does not extend to procedural rules and deadlines. *See, e.g., Kotler v. Jubert*, 986 F.3d 147, 156 (2d Cir. 2021) ("But solicitude for *pro se* litigants does not require us to excuse failure to comply with understandable procedural rules and mandatory deadlines."); *Richardson v. Darden*, No. 07-CV-6594, 2009 WL 414045, at *1 n.2 (S.D.N.Y. Feb. 17, 2009) (finding that *pro se* litigants are not exempt from "meeting deadlines set by the Court"). The Court set a deadline for Plaintiff to oppose Defendants' motion and the Court has already extended that deadline twice, mostly due to Plaintiff's *pro se* status. As the Court clearly warned Plaintiff, a further extension will not be granted. As such, Plaintiff must file his opposition to Defendants' motion to dismiss on or before August 4, 2025. If Plaintiff fails to file his opposition by that date the Court will treat Defendants' motion to dismiss as unopposed.

**Continued failure to comply with the Court's orders or deadlines, the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties discovery or other obligations thereunder may result in sanctions, including monetary penalties on**

counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.

**SO ORDERED.**

**Date:  July 9, 2025**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

3