**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

Willie E. Dennis,

Plaintiff,

v.

K&L Gates LLP, et al.,

Defendants.

Case No. 1:20-cv-09393-MKV

**PLAINTIFF'S MOTION FOR SANCTIONS AGAINST KATHLEEN MCKENNA, ESQ (PROSKAUER ROSE ) PURSUANT TO RULE 11**

(FORMALLY FILED AFTER SAFE HARBOR PERIOD)

PLEASE TAKE NOTICE that, pursuant to Rule 11 of the Federal Rules of Civil Procedure and the Court's inherent authority, Pro Se Plaintiff Willie E. Dennis respectfully moves this Court for an Order imposing sanctions against Kathleen McKenna of Proskauer Rose LLP for filing court documents containing materially false allegations of criminal conduct, made without evidentiary basis and for the improper purpose of harassment and retaliation.

As grounds for this Motion, Plaintiff states as follows:

1. On April 2, 2025, counsel for Proskauer Rose LLP falsely accused Plaintiff of "criminal harassment" in a direct communication sent to him ( withTimothy Mungovan, the Chairman of Proskauer copied ) , without any factual basis or legal predicate . (See Exhibit A)

- This false accusation was subsequently repeated in court filings submitted by Kathleen McKenna on April 3, 2025, in an apparent effort to portray Plaintiff as a criminal actor and damage his credibility before this Court. (See Exhibit B)

- On April 10, 2025, Ms. McKenna again submitted a filing declining to disavow the threatened use of law enforcement, further evidencing the improper purpose of intimidation. (See Exhibit C)

Such conduct violates Rule 11(b), which prohibits the presentation of false factual contentions and the submission of filings made for an improper purpose. Counsel for Defendants were fully aware that no criminal charges or findings supported their accusation at the time it was made and repeated in the public record.

These knowingly false allegations have prejudiced Plaintiff and undermined the integrity of these proceedings. Since serving the Rule 11 notice on May 15, 2025, Plaintiff has experienced continued retaliation from counsel for Defendants, including obstructive and intimidating conduct consistent with the original false accusations. This includes, among other incidents, interference with filings, blocking of electronic communications, and refusal to disclaim further criminal referrals.

These false and escalating accusations have also had a chilling effect on Plaintiff's ability to litigate this matter. Out of concern for potential criminal exposure, Plaintiff has repeatedly had to divert time and energy away from preparing filings or meeting deadlines, and instead seek criminal law advice and take protective measures. To the extent any delay in these proceedings has occurred, it has been directly caused by Ms. McKenna's repeated invocation of baseless criminal charges, not by any bad faith or lack of diligence on Plaintiff's part.

These actions reinforce the conclusion that the false criminal allegations submitted in April were not isolated, but rather part of a continuing effort to intimidate Plaintiff and obstruct his access to the courts. While this Motion is limited to the conduct addressed in the May 15 Rule 11 notice, Plaintiff respectfully submits that the Court may consider this broader pattern in determining the appropriate sanctions, pursuant to both Rule 11 and the Court's inherent authority to prevent abuse of process.

**WHEREFORE, Plaintiff respectfully requests that the Court impose appropriate sanctions on**

**Kathleen McKenna, including but not limited to:**

- Striking the offending material from the record;
- Issuing a public reprimand;
- Awarding reasonable costs associated with responding to the false allegations;
- And/or any other relief the Court deems just and proper.

Plaintiff respectfully notes that this motion is submitted solely for the Court's consideration under Rule 11. Plaintiff does not request, nor intend, that any ruling on this motion be treated as dispositive of related issues pending in the Superior Court of the District of Columbia. Plaintiff expressly reserves all rights to pursue independent relief in that forum and to challenge any assertion of preclusion or deference based on rulings in this proceeding.
Plaintiff reserves the right to submit a memorandum of law and supporting evidence should the Court require full briefing.

Dated: July 24, 2025

Respectfully submitted,

Willie E. Dennis

6858 Hidden Glade Place

Sanford, Florida 32771

(518) 414-7163

woc2020@gmail.com

Pro Se Plaintiff

cc: Kathleen McKenna, Esq

cc  Guy Brenner, Esq

cc Timothy Mungovan, Esq.


**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2025, I caused the foregoing Rule 11 Motion for Sanctions to be filed through the Court's CM/ECF system, which will send notification of such filing to all counsel of record who are registered to receive electronic filings.

I further certify that on the same day, I served a true and correct copy of the motion and supporting documents via U.S. Mail to:

Kathleen McKenna , Esq

Proskauer Rose LLP

Eleven Times Square

New York,  New York 10036

This motion is respectfully submitted for filing on the public docket. Plaintiff does not request sealing.

Dated: July 24, 2025

Willie E. Dennis

Pro Se Plaintiff

**Exhibits**

- Exhibit A – April 2, 2025 Email from Proskauer to Pro Se Plaintiff Alleging "Criminal Harassment"

- Exhibit B – April 3, 2025 Filing by Proskauer with SDNY Alleging "Criminal Harassment"

- Exhibit C – April 10, 2025 Filing by Proskauer with SDNY Refusing to Disavow Potential Use of Law Enforcement Against Plaintiff

# Exhibit A

From: McKenna, Kathleen M. <KMcKenna@proskauer.com>
Date: Wed, 2 Apr 2025 at 5:27 PM
Subject: Re: Request For Due Process Protocols of the American Arbitration Association
To: Willie Dennis <woc2020@gmail.com>
CC: Mungovan, Timothy W. <tmungovan@proskauer.com>, Fischer, Rachel S. <rfischer@proskauer.com>

Dear Mr. Dennis:
From Defendants' perspective, there is no further response due to you. **We consider your continued communications to be harassing** and ask that you cease sending communications except as required by the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.
Kathleen McKenna

# Exhibit B



Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

April 3, 2025

**VIA ECF**

Kathleen M. McKenna
Member of the Firm
d +1.212.969.3130
f 212.969.2900
kmckenna@proskauer.com
www.proskauer.com

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

Re:   <u>Willie Dennis v. K&L Gates LLP, et al.</u>, No. 1:20-cv-09393-MKV

Dear Judge Vyskocil:

We represent Defendants in the above-referenced matter. We write in response to the letter that Mr. Dennis submitted by email to Your Honor's courtroom deputy this afternoon in which he completely misrepresented the record and has baselessly requested an injunction.

In his letter, Mr. Dennis stated that Timothy Mungovan, the Chairman of Proskauer Rose LLP, emailed Mr. Dennis late last night. That statement is false. Mr. Mungovan has never communicated with Mr. Dennis and has had no involvement in this case.

Rather, I sent Mr. Dennis an email yesterday afternoon advising that Defendants consider his recent communications to be harassing and asked him to cease communications with Proskauer except as required by the applicable procedural rules. We had advised Mr. Dennis on April 1, 2025 that the only Proskauer attorneys with whom he should be communicating are Rachel Fischer and me, as we are counsel of record for Defendants in this case. Mr. Dennis did not heed that instruction and has continued to email Mr. Mungovan even though Mr. Mungovan has never responded to any emails from Mr. Dennis.

Mr. Dennis has also continued to send emails and letters to the American Arbitration Association (AAA) – even after the AAA advised him that the arbitration between him and Defendants is over and that he should stop contacting them – as is evident by the letter Mr. Dennis submitted to the Court by email today which he also directed to the President and CEO of the AAA along with each member of its Board of Directors.

**Proskauer»**

The Honorable Mary Kay Vyskocil
April 3, 2025
Page 2

There is no basis for an injunction against Defendants. Instead, Mr. Dennis's latest communications are a continuation of an improper campaign of harassment he has been waging for years, even after repeatedly being told to stop, and we ask that Mr. Dennis be instructed to confine his communications to me and to Ms. Fischer, and only as necessary for this case.

We thank the Court for its consideration and attention to this matter.

Respectfully submitted,


*/s/ Kathleen M. McKenna*

cc:     Willie Dennis, Esq. (by ECF and email)

152071902v3

# Exhibit C

  Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

April 10, 2025

**VIA ECF**

Kathleen M. McKenna
Member of the Firm
d +1.212.969.3130
f 212.969.2900
kmckenna@proskauer.com
www.proskauer.com

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

Re:    *Willie Dennis v. K&L Gates LLP, et al.*, No. 1:20-cv-09393-MKV

Dear Judge Vyskocil:

We represent Defendants in the above-referenced matter.  We write pursuant to Rule 2(G) of Your Honor's Individual Practices to respectfully request an adjournment of the conference currently scheduled for April 15, 2025 at 3:00 p.m. (Dkt. 81) because counsel for Defendants is unavailable on that date due to previously scheduled commitments.

On April 9, we sent an email to Mr. Dennis requesting his consent to an adjournment and proposed several alternate dates for the conference – specifically, April 22-24 and April 28-May 2.  Mr. Dennis did not respond to our email, but stated in correspondence he submitted to the Court this morning that he is "inclined to consent to the adjournment" under certain conditions that he unilaterally set forth in his correspondence.  (Dkt. 82.)  For the avoidance of doubt, Defendants do not agree to any of Mr. Dennis's conditions and reserve all rights.

This is Defendants' first request for an adjournment and we are available on any of the dates identified above.  We thank the Court for its consideration of this matter.


Respectfully submitted,

*/s/ Kathleen M. McKenna*

cc:    Willie Dennis, Esq. (by ECF and email)

Beijing | Boca Raton | Boston | Chicago | Hong Kong | London | Los Angeles | New Orleans | New York | Paris | São Paulo | Washington, DC

152239937v2