USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/29/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| WILLIE E. DENNIS, <br><br> Plaintiff, <br><br> -against- <br><br> K&L GATES LLP, *et al.*, <br><br> Defendants. | 1:20-cv-9393 (MKV) <br><br> **<u>ORDER</u>** |

Plaintiff, proceeding *pro se*, has filed his fourth request seeking an extension to file his opposition to Defendants' motion to dismiss. [ECF No. 131]. The Court previously denied Plaintiff's third request for an extension. [ECF No. 118]. For the reasons discussed in the Court's prior Order, [ECF No. 118], and for the reasons outlined below this request for an extension is DENIED. Plaintiff shall file his opposition **on or before August 4, 2025** or the Court will treat Defendants' motion to dismiss as unopposed.

On May 1, 2025, the Court set a briefing schedule on Defendants' anticipated motion to dismiss. [ECF No. 92]. Defendants filed their motion to dismiss on May 14, 2025. [ECF No. 97]. Shortly thereafter, Plaintiff filed a letter seeking an extension to file his opposition due to a medical emergency. [ECF No. 100]. The Court granted Plaintiff's request, in part because Plaintiff was once again proceeding *pro se* and the Court originally set the briefing schedule when Plaintiff was very briefly represented by counsel. [ECF No. 103]. The Court Ordered Plaintiff to file his opposition, which was originally due on June 5, 2025, on July 1, 2025. [ECF No. 103]. The Court warned Plaintiff in that prior Order that "**<u>No further extension of this briefing schedule will be</u> granted absent unforeseen and extraordinary circumstances.**" [ECF No. 103] (emphasis in original).

1

Thereafter, Plaintiff requested a temporary medical stay of the proceedings and all deadlines, [ECF Nos. 104, 105], which Defendants opposed. [ECF No. 106]. The Court denied Plaintiff's request for a wholesale temporary medical stay of all proceedings and deadlines, but granted Plaintiff "**<u>one final</u>** extension" to file his opposition and Ordered the Plaintiff file his opposition or before August 4, 2025. [ECF No. 113] (emphasis in original). The Court very clearly cautioned Plaintiff that "**<u>no further extensions will be granted</u>**" and that "**[i]f Plaintiff fails to comply with this Order the Court will consider Defendants' motion unopposed**." [ECF No. 113] (emphasis in original).

Then on July 7, 2025, despite the Court's many prior warnings, Plaintiff sought another extension to file his opposition. [ECF No. 117]. The Court denied Plaintiff's request and explained that the Court had already granted Plaintiff multiple month-long extensions and had previously warned Plaintiff that no further extension would be granted to file his opposition. [ECF No. 118]. The Court once again explained to Plaintiff that his opposition is due on or before August 4, 2025, that no further extension would be granted, and that "[i]f Plaintiff fails to file his opposition by that date the Court will treat Defendants' motion to dismiss as unopposed." [ECF No. 118]. The Court further warned Plaintiff that "**[c]ontinued failure to comply with the Court's orders or deadlines, the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence**." [ECF No. 118].

Plaintiff now, despite the Court's numerous prior Orders and warnings, seeks another extension of all deadlines including the deadline to file his opposition to Defendants' motion due to his on-going medical difficulties and conditions. [ECF No. 131]. As the Court previously

explained while the Court must provide plaintiffs proceeding *pro se* special solicitudes, that consideration **does not extend to procedural rules and deadlines**. *See, e.g., Kotler v. Jubert*, 986 F.3d 147, 156 (2d Cir. 2021) ("But solicitude for *pro se* litigants does not require us to excuse failure to comply with understandable procedural rules and mandatory deadlines."); *Richardson v. Darden*, No. 07-CV-6594, 2009 WL 414045, at *1 n.2 (S.D.N.Y. Feb. 17, 2009) (finding that *pro se* litigants are not exempt from "meeting deadlines set by the Court"). The Court has already provided Plaintiff, who although is proceeding *pro se* is a former attorney, two separate month-long extensions. During those months, Plaintiff has filed numerous letters and motions, but has not filed his opposition. [ECF Nos. 104, 105, 107, 109, 110, 112, 114, 115, 117]. The Court very clearly warned Plaintiff multiple times that no further extensions would be granted and that he must file his opposition on or before August 4, 2025, or the motion would be treated as unopposed. As such, Plaintiff must file his opposition to Defendants' motion to dismiss **on or before August 4, 2025**. If Plaintiff fails to file his opposition by that date the Court will treat Defendants' motion to dismiss as unopposed.

**Continued failure to comply with the Court's orders or deadlines, the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

SO ORDERED.

Date: July 29, 2025  
      New York, NY

                                                 MARY KAY VYSKOCIL  
                                                 **United States District Judge**