# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Willie Dennis,

Plaintiff,

v.

K&L Gates LLP, et al.,

Defendants.

Case No. 1:20-cv-09393-MKV

## SUPPLEMENTAL REQUEST FOR PROTECTIVE RELIEF AND MOTION TO RECONSIDER APRIL 11, 2025 RULING (ECF NO. 84) IN LIGHT OF RETALIATORY MISCONDUCT BY K&L GATES LLP AND PROSKAUER ROSE LLP

Honorable Judge Vyskocil:

I write to respectfully request that the Court (1) reconsider its April 11, 2025 Order (ECF No. 84), which found my fear of retaliatory arrest to be "speculative," (2) find the current threat to be actual and imminent, and (3) issue immediate protective relief. As detailed below, Defendants have knowingly taken advantage of the good faith and procedural restraint extended by the Court in April, using that speculative finding as a shield to escalate their retaliatory conduct across multiple forums.

## I. Defendants Exploited the Court's April 11 Ruling to Escalate Retaliation

The April 11 Order was issued less than two days after I sought emergency protective relief. At the time, the Court had no way of knowing that Defendants would use the Court's procedural finding—that my fear of arrest was "speculative"—as a pretext to intensify their campaign of retaliation.

Since that ruling, and most acutely in the past ten days, Defendants have:
- Repeated accusations of "criminal harassment" without evidence (see ECF No. 125, filed July 18, 2025);
- Asserted that I continue a "campaign of harassment" merely by filing protected court documents;
- Explicitly refused to disclaim intent to pursue criminal referral or supervised release violation, even when asked directly by the Court and in D.C. proceedings.

In a public filing in D.C. Superior Court on July 24, 2025, Proskauer wrote:
"Defendants are not prepared – nor should they be – to disclaim anything with respect to Mr. Dennis and his conduct… It is simply improper of Mr. Dennis to ask this Court to condition setting a deadline… on Defendants' prospective waiver of the potential consequences of it." (Exhibit A)

In other words, they continue to assert the right to seek criminal penalties for litigation conduct. In the same filing, they falsely claimed that serving process on Eric Cottle and Calvina Bostick may violate supervised release — even though both were previously identified as witnesses in the arbitration by Defendants themselves. Worse still, Defendants again referred to Mr. Cottle as a "victim" despite his conviction being vacated on March 26, 2025 — a fact known to Proskauer attorney Hadassa Waxman.

Defendants have not simply escalated their rhetoric — they have begun invoking the Court's April 11 ruling as validation of their theory that my concerns were meritless. In doing so, they have weaponized this Court's speculative finding into a tool of intimidation, used both in this forum and elsewhere.

That misuse had a tangible impact. In my July 28, 2025 filing to the D.C. Superior Court, I explained:

"More urgently, on July 24, 2025, Defendants submitted a letter in this action alleging that Plaintiff's lawful service of process on individuals named in this civil litigation could constitute 'witness harassment' and violate Plaintiff's federal supervised release. This assertion… had an immediate chilling effect and placed Plaintiff at risk of further criminal referral merely for exercising his right to pursue civil redress." (Exhibit D)

## II. The Court Did Not Require a Response from Defendants Before Finding My Fear "Speculative"

Pursuant to Rule 60(b)(2), I respectfully submit that the April 11 ruling deserves reconsideration. The Court issued its Order without requesting any evidentiary response from Defendants — despite their repeated invocation of criminal threats. As a result, Defendants' accusations were accepted on their face, without adversarial testing. I do not believe that was the Court's intention. But Defendants clearly understood that this speculative finding gave them leeway to escalate further — and they have done so.

Now, with multiple examples on record, and active use of the Court's April 11 Order as a litigation weapon, I respectfully ask the Court to find that the threat is no longer speculative, but actual and imminent.

## III. Pattern of Escalation and Legal Jeopardy

The following table summarizes key dates on which I was forced to consult criminal counsel due to ambiguous threats or public accusations made by Defendants, many involving Ms. McKenna:

| Date | Triggering Conduct by Defendants | Plaintiff Response |
|----------|--------------------------------|------------------------------|
| Apr. 2 | McKenna accuses Plaintiff | Consulted criminal counsel |
| Apr. 3 | Proskauer escalates | Consulted criminal counsel |
| Apr. 10 | Proskauer "reserves all rights" | Consulted criminal counsel |
| May 14 | Supervised release accusation | Consulted criminal counsel |
| Jun. 2 | Emails rerouted to security | Consulted criminal counsel |
| Jul. 24 | Repeats threat in D.C. court | Consulted criminal counsel |

From July 17 motion (Exhibit C):
"K&L Gates, Proskauer… and Ms. McKenna understood that even the suggestion of a supervised release violation could result in re-incarceration — a risk they appeared willing to provoke for strategic advantage."

## IV. Requested Relief

I respectfully request that the Court:

1. Reconsider its April 11, 2025 finding that my fear of retaliatory arrest was speculative;
2. Issue a narrowly tailored order precluding further criminal accusations unless supported by evidence and filed through formal motion;
3. Clarify that I may file protected legal documents — such as oppositions, replies, and motions — without threat of criminal referral or retaliatory misuse of supervised release terms;
4. Preserve jurisdiction to address these issues in connection with my pending Rule 11 motion and Motion for Protective Order and Supplemental Sanctions Relief;
5. Issue an express finding that threats of retaliation against Plaintiff are actual and imminent, not speculative.

6. Order defendants to now provide evidence supporting their harassment accusations on April 2, 2025

## V. Additional Consideration – Urgent Medical Risk

Since April 11, my health has significantly deteriorated, in part due to the stress caused by Defendants' repeated and undocumented accusations of harassment. I am now under active medical supervision for cardiovascular and neurological conditions, as documented in my July 25, 2025 motion for medical extension. If I am re-incarcerated under false pretenses, I will lose access to urgent treatment — including care that may be critical to preventing early cardiac failure.

Plaintiff respectfully notes that the Court acted within two days on Defendants' April 10, 2025 adjournment request, and asks that the same urgency be applied here in light of the serious medical and constitutional risks involved.

## VI. Imbalance of Power and Institutional Misuse

This case involves two of the largest firms in the country, each represented by multiple partners and litigation staff, including a former NYPD commander now acting as Director of Security. I am a pro se litigant and the primary caretaker for an elderly parent, with urgent health needs of my own. The Court should view Defendants' continuing threats of prosecution in this light: as actions taken not only without basis, but from a position of institutional power and legal sophistication intended to silence and chill. A chart identifying individuals from Proskauer involved in these efforts is attached as Exhibit E.

This request is made in good faith to protect my liberty, safeguard my access to the courts, and prevent further misuse of this forum for retaliatory criminal escalation.

Respectfully submitted,
/s/ Willie E. Dennis
Willie E. Dennis
Pro Se Plaintiff
6858 Hidden Glade Place
Sanford, Florida 32771
Phone: (518) 414-7163
Email: woc2020@gmail.com
Dated: July 28, 2025


Cc: Timothy Mungovan, Esq.

# Exhibit A

July 24, 2025 Superior Court filing by Defendants refusing to disclaim criminal referral.

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **WILLIE E. DENNIS,** ) | |
| ) | |
| **Plaintiff *Pro Se*,** ) | |
| **v.** ) | **Case No. 2025-CAB-002634** |
| ) | **Judge Leslie A. Meek** |
| **K&L GATES LLP, ANNETTE** ) | <u>**Next Court Date**</u>**:** July 25, 2025, 9:30 AM |
| **BECKER, JOHN BICKS, CALVINA** ) | <u>**Event**</u>**:** Remote Initial Scheduling |
| **BOSTICK, MICHAEL CACCESE,** ) | Conference |
| **ERIC COTTLE, JEFFREY** ) | |
| **MALETTA, JAMES SEGERDAHL,** ) | |
| **DAVID TANG, CHARLES TEA, and** ) | |
| **PALLAVI WAHI,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## "MOTION TO DEFER DEADLINE TO FILE OPPOSITION TO DEFENDANTS'
## MOTION TO DISMISS"

**PROSKAUER ROSE LLP**
1001 Pennsylvania Ave, N.W.
Suite 600 South
Washington, D.C. 20004-2533

*Attorneys for Defendants*

Defendants write in opposition to Plaintiff's July 21, 2025 letter asking the Court to *"defer"* the deadline for him to file an *"opposition to Defendants' Motion to Dismiss"* until Defendants *"disclaim any intent to pursue criminal referral, supervised release violation, or other retaliatory action based on Plaintiff's filings in this matter."* (Pl. July 21, 2025 Letter at 2.) Mr. Dennis's application misstates the procedural posture of this case, and in any event is wholly without merit.

As an initial matter, Defendants did not – as Mr. Dennis falsely asserts – file a motion to dismiss in this matter; they filed an opposition to Mr. Dennis's Petition to Vacate the Arbitration Award (the "Petition"), through which he baselessly seeks to set aside a duly-issued decision by a mutually agreed upon arbitrator appointed under the auspices of the American Arbitration Association.

Mr. Dennis filed the Petition on April 25, 2025, Defendants filed their opposition on May 23, and pursuant to D.C. Super. Rule 12-I(g) Mr. Dennis's reply was due on May 30. To date – nearly two months after his reply was due – Mr. Dennis still has not filed one. Instead, on May 28, 2025, Mr. Dennis requested an extension until July 22 to file a reply, which Defendants partially opposed on June 2. In their partial opposition, Defendants proposed a more reasonable 30-day extension, such that Mr. Dennis would have until June 30 to submit a reply. In spite of the fact there has been no ruling on Mr. Dennis's extension request, he nonetheless has been proceeding as though it was granted in its entirety and that the operative date for his reply was July 22. Even if it were appropriate for him to proceed in such a presumptive manner, which it is not, July 22 has come and gone and still Mr. Dennis has not filed a reply. For this reason alone, the Court should consider the briefing closed and proceed with ruling on the Petition.

However, if the Court is willing to entertain a belated reply submission from Mr. Dennis, at the very least a prompt date certain should be set as Mr. Dennis – the party who initiated this action – should not be permitted to drag out this proceeding indefinitely. As set forth in detail in Defendants' opposition to the Petition and other submissions, in October 2022 Mr. Dennis, a former equity partner of K&L Gates LLP, was convicted of multiple federal felony counts of cyberstalking following years of harassing multiple lawyers at the Firm. After trial, Mr. Dennis was sentenced to 24 months in prison and three years of supervision post-release. Mr. Dennis's post-release restrictions, which are now in effect, prohibit him from having any contact or communication, directly or indirectly, with anyone currently or formerly affiliated with the Firm.

Seeking to turn the post-release restrictions to his advantage, Mr. Dennis now claims that he is concerned that any reply in support of the Petition he might file will be construed as a violation of his supervised release or other criminal conduct.[1] However, this is not a basis to extend the time for Mr. Dennis to file his reply. And, notably, Mr. Dennis does not explain why his new-found concern did not give him pause in connection with the numerous other submissions he has made in this case and others since filing his Petition.[2]

---

[1] Mr. Dennis contends his concern is "not hypothetical," because Defendants allegedly "argued that Plaintiff's act of **serving court papers in accordance with the Superior Court Rules of Civil Procedure** was itself criminal." (Mot. at 1 (emphasis in original).) Defendants made no such argument. Rather, Defendants observed that Mr. Dennis's inclusion of K&L Gates partners Eric Cottle and Calvina Bostick—two of the primary victims of his campaign of harassment, neither of whom were parties to or otherwise involved in the arbitration of Mr. Dennis's claims—as defendants in this case, and service of the Petition on them, may violate the conditions of his supervised release. The Court presiding over Mr. Dennis's criminal case made clear that Mr. Dennis may not use court filings as a basis to further harass his already much-abused victims.

[2] Since filing his Petition on April 25, 2025, Mr. Dennis has filed in the action: (1) a May 28 motion for an extension of time to file a reply in support of his Petition; (2) a June 3 reply in support of that extension request; (3) a frivolous and meritless letter to the Court on June 5 regarding a filing that Defendants made in a separate, but related, case Mr. Dennis filed against Defendants and which is currently pending in the U.S. District Court for the Southern District of New York ("S.D.N.Y."); (4) a June 7 letter to the Court regarding his pending May 28 extension request; (5) a meritless opposition to the *pro hac vice* application of Defendants' lead counsel, Ms. McKenna, whom the Court has since granted admission in this case; and (6) a July 21 "rebuttal" concerning Ms. McKenna's *pro hac vice* application, which Mr. Dennis filed after the Court had already granted her admission. Mr. Dennis has additionally made **23** separate submissions in the S.D.N.Y. case during this same time period.

Mr. Dennis has also requested that the deadline for his reply "be held in abeyance until such time as Defendants formally disclaim any intent to pursue criminal referral, supervised release violation, or other retaliatory action based on Plaintiff's filings in this matter." This, too, is not a basis for extending Mr. Dennis's deadline to file a reply. More importantly, however, Defendants are not prepared – nor should they be, as the victims of Mr. Dennis's harassment – to disclaim anything with respect to Mr. Dennis and his conduct, and certainly cannot make any commitments concerning papers they have never seen. It is simply improper of Mr. Dennis to ask this Court to condition setting a deadline for his long overdue reply in support of his own Petition on Defendants' prospective waiver of the potential consequences of it.

Defendants already agreed to a 30-day extension of Mr. Dennis's May 30, 2025 deadline for his reply. Further extensions—and certainly an indefinite "deferral" of this case as Mr. Dennis has requested—will only serve to prejudice Defendants, who have an interest in the prompt adjudication of this matter – a matter which Mr. Dennis initiated. Mr. Dennis was expelled from the Firm's partnership over six years ago and over the ensuing years has been involved in litigation against the firm and several of its current and former partners in multiple forums. It would be grossly unfair and prejudicial to permit this case to be "deferred" indefinitely or to require Defendants to give up potential rights as a condition of completing the briefing on Mr. Dennis's untimely and baseless Petition. Mr. Dennis's application should be denied, and the Court should proceed to rule on the Petition.

\* \* \*

For the foregoing reasons, Mr. Dennis's motion to defer his reply for his Petition to Vacate the Arbitration Award should be denied.

Dated: Washington, D.C.  
July 24, 2025

RESPECTFULLY SUBMITTED,

/s/ *Guy G. Brenner*
Guy G. Brenner
D.C. Bar No. 491964
PROSKAUER ROSE LLP
1001 Pennsylvania Ave, N.W.
Suite 600 South
Washington, D.C. 20004-2533
(202) 416-6800
(202) 416-6899 (Fax)
gbrenner@proskauer.com

Kathleen M. McKenna (*pro hac vice*)
Rachel S. Fischer (*pro hac vice*)
Julia F. Hollreiser (*pro hac vice*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
(212) 969-3000
(212) 969-2900 (Fax)
kmckenna@proskauer.com
rfischer@proskauer.com
jhollreiser@proskauer.com

*Attorneys for Defendants*

4

# Exhibit B

July 18, 2025 SDNY letter from Proskauer (ECF No. 125).



Proskauer Rose LLP    Eleven Times Square    New York, NY 10036-8299

July 18, 2025

Kathleen M. McKenna
Member of the Firm
d +1.212.969.3130
f 212.969.2900
kmckenna@proskauer.com
www.proskauer.com

**<u>VIA ECF</u>**

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

Re:     *Willie Dennis v. K&L Gates LLP, et al.*, No. 1:20-cv-09393-MKV

Dear Judge Vyskocil:

We represent Defendants in the above-referenced matter.  We write to respectfully request that Mr. Dennis's frivolous Motion for Protective Order and Supplemental Sanctions Relief filed with this Court yesterday, to which he improperly annexed a purported First Department Attorney Grievance Committee Complaint, be stricken from the record, or alternatively, be placed under seal.[1]  The materials filed by Mr. Dennis are not judicial documents and there is no presumption of public access to them.  Rather, Mr. Dennis attached these documents to the latest in his series of baseless requests for protective relief and sanctions against Defendants, all of which are in furtherance of his ongoing campaign of harassment against them.  There is no reason for these materials, which are required to be kept confidential under the applicable rules and contain a recitation of false and baseless accusations, to be part of the record in this case or publicly accessible.

The grievance complaint documents that Mr. Dennis submitted to the Court are axiomatically confidential and **<u>must</u>** be sealed pursuant to the First Department Attorney Grievance Committee complaint procedures and New York Judiciary Law, Section 90(10), which expressly states that "[a]ny statute or rule to the contrary notwithstanding, **all papers, records and documents . . . upon any complaint, inquiry, investigation or proceeding relating to the conduct or discipline of an attorney or attorneys, shall be sealed and be deemed private and confidential.**"

---

[1] Mr. Dennis filed his submission by email to the *pro se* office and, as of the date of this filing, it has been partially posted to the docket (Dkts. 121, 122).  Pursuant to Defendants' request, Mr. Dennis's submission has been provisionally placed under seal by the *pro se* intake unit.  A copy of Mr. Dennis's submission is enclosed as Exhibit A, filed herewith under seal.  After his initial filing, Mr. Dennis also filed (by email to the *pro se* office) purported "corrections" to his submission.  Those additional filings, which have likewise been partially posted to the docket (Dkts. 123, 124), as well as any future related filings by Mr. Dennis, should also be stricken or, alternatively, placed under seal for the reasons set forth herein.

**Proskauer»**

The Honorable Mary Kay Vyskocil
July 18, 2025
Page 2

(Emphasis added.)  These documents may only be made public upon a showing of good cause, as determined by the justices of the Appellate Division through written order, or after charges have been sustained by the justices of the Appellate Division.  (*See* N.Y. Judiciary Law § 90(10).)

Here, Mr. Dennis purports to have filed a grievance against a K&L Gates partner with the First Department Attorney Grievance Committee.  However, that partner has not received any notice that the purported complaint has even been filed, let alone that the Appellate Division has made any findings that would permit the baseless complaint's public disclosure. That partner was one of the primary victims of Mr. Dennis's criminal harassment, as Mr. Dennis sent him numerous threatening and derogatory communications and falsely accused him of misconduct.  That behavior—along with other criminal conduct—resulted in Mr. Dennis's conviction for multiple felony counts of cyberstalking in violation of federal law.  *See United States v. Dennis*, No. 20 Cr. 623 (JSR) (S.D.N.Y. 2021).

Now, Mr. Dennis continues his campaign of harassment against an already much-abused victim by raising additional false and serious accusations against him, and improperly attempting to publicize those meritless claims which have nothing to do with the case pending in this Court by filing them on the public docket.  Indeed, as there are no open issues left to be resolved in this forum, this Court previously granted Defendants leave to move to dismiss this case, and Defendants filed their motion to dismiss on May 14, 2025.[2]  (Dkt. 97.)  Mr. Dennis's purported First Department Attorney Grievance Committee complaint is entirely irrelevant to Defendants' motion or any other issue pertinent to this action.

As the Court is aware, throughout the last several months, Mr. Dennis has littered the docket with numerous meritless submissions falsely accusing Defendants of misconduct, none of which have been granted to date and several of which the Court has expressly found to be "completely inappropriate" and baseless.  (*See* Dkt. 101 at Tr. 3-6.)  This filing is of the same nature and Mr. Dennis's false and frivolous purported grievance should not be a part of the record in this case at all, let alone be a matter of public record.  *See D.J.C.V. v. United States*, No. 20-cv-5747, 2023 WL 3775283, at *1 (S.D.N.Y. June 2, 2023); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  Accordingly, Defendants request that the Court strike these documents or, in the alternative, place them under seal.

We thank the Court for its consideration and attention to this matter.

Respectfully submitted,

*/s/ Kathleen M. McKenna*

cc:    Willie Dennis, Esq. (by ECF)

---

[2] Mr. Dennis has repeatedly requested extensions of time to file his opposition to Defendants' motion.  His opposition is currently due on August 4, 2025.

# Exhibit C

Excerpts from Plaintiff's July 17, 2025 Motion for Protective Order and Sanctions.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Willie E. Dennis, Plaintiff,

v.

K&L Gates LLP, Proskauer Rose LLP, et al.,
Defendants.

Case No. 1:20-cv-09393-MKV

**\*\*CORRECTED\*\***

**MOTION FOR PROTECTIVE ORDER AND SUPPLEMENTAL SANCTIONS RELIEF
AGAINST K&L GATES LLP AND PROSKAUER ROSE LLP BASED ON CONTINUING
RETALIATION AND THREAT OF RE-INCARCERATION**

**1. INTRODUCTION**

I write to advise the Court of the latest and most dangerous phase of the harassment I have faced in this case: the continued use of knowingly false and retaliatory criminal accusations, including baseless suggestions that lawful litigation activity violates the terms of my supervised release. These tactics now pose a real and imminent threat of re-incarceration.

Most recently, in a filing before this Court on May 14, 2025, Ms. McKenna asserted:

**"Mr. Dennis's improper inclusion of two K&L partners Ms. Bostick and Mr. Cottle in the D.C. Superior Court action and his service of them with process would seem to be a violation of the terms of his supervised release."**

Upon this theory being challenged in their July 7, 2025 filing with the Superior Court, K&L Gates, Proskauer, and Ms. McKenna reaffirmed their position that service of process on Mr. Bostick and Mr. Cottle could lead to my reincarceration.

This extraordinary and dangerous claim—that lawful service of process in a civil matter might violate supervised release—is flatly contradicted by prior court rulings. In an August 6, 2024 Order, Judge Jed Rakoff held:

**"Mr. Dennis, of course, has a legal right to pursue his lawsuit."**

(See Exhibit E to the Bicks Grievance Complaint, July 8, 2025)

Moreover, this Court, which has presided over the arbitration since its inception, has repeatedly acknowledged my right to proceed pro se, with no limitation on my ability to assert claims or make filings in court.

Interestingly, **Ms. McKenna failed to inform this Court that Ms. Bostick and Mr. Cottle were listed on the witness list submitted by Ms. McKenna on behalf of K&L Gates on November 15, 2021**, one day before my arrest. (See Exhibit A to this submission.) The unforeseen and unexpected testimony in the criminal trial, and Ms. McKenna's use of selective portions of the trial in the civil action, caused Ms. Bostick and Mr. Cottle to become necessary defendants.

Notably, this accusation was conspicuously omitted from K&L Gates's
May 23, 2025 filing in Willie Dennis v. Gates LLP, Case No. 2025CAB-002634 (D.C. Superior Court), which court has the authority and jurisdiction to determine if service in a case before it was improper. This suggests that it was deployed selectively to manufacture criminal jeopardy while avoiding judicial scrutiny. K&L Gates, Proskauer, Mr. Bicks—a former federal prosecutor—and Ms. McKenna understood that even the suggestion of a supervised release violation could result in re-incarceration ⎯ a risk they appeared willing to provoke for strategic advantage.

That omission is material, and it calls into question the candor of the representations of K&L Gates, Proskauer, Mr. Bicks, and Ms. McKenna.

The threat of potential criminal referral or misuse of supervised release conditions remains ongoing, imposing a prejudicial burden on a pro se litigant. Absent immediate oversight and intervention, I face the very real possibility of arrest and reincarceration.

Despite multiple filings before this Court raising the risk of retaliatory arrest, Defendants have affirmatively refused to disclaim the use of criminal proceedings as a weapon of litigation.

On April 10, 2025, Proskauer filed a letter with this Court confirming that it reserved the right to pursue criminal prosecution against me:

**"For the avoidance of doubt, Defendants do not agree to any of Mr. Dennis's conditions and reserve all rights."** (See Exhibit B)

That reservation—made after multiple filings documenting the risk of retaliatory arrest—makes unmistakably clear that Defendants continue to assert the right to initiate criminal proceedings based on conduct that is indisputably protected under the First Amendment and the Federal Rules of Civil Procedure.

I shared with the Court at that time:

"Respectfully I believe it is unreasonable that Ms. McKenna and K&L Gates will not agree that during their requested adjournment period they will not pursue any criminal actions against me based on undocumented claims of harassment."

Given the pattern of retaliatory escalation and the Defendants' refusal to disclaim further criminal action, Plaintiff faces irreparable harm in the form of loss of liberty and chilled access to this Court. That meets the standard for interim injunctive relief

## II. NARRATIVE OF ESCALATING RETALIATION

In the continuing civil case, K&L Gates LLP, Proskauer Rose LLP, and their partners Kathleen McKenna and John Bicks are weaponizing the terms of my supervised release to silence my claims and punish me for asserting my legal rights.

April 1, 2025 – I notified Proskauer Chairman Steven Mungovan of documented professional misconduct by Kathleen McKenna, including misrepresentations to the Court and retaliation against protected filings.

"Mr. Mungovan, I have set forth in previous writings serious unethical actions by Ms. McKenna and Ms. Fisher which remain uncontested. They may not have delivered such information to you. As the Chairman of Proskauer, and consequently ultimately responsible for all the acts of the partners of the Firm, it is critical that you supervise this matter so that such unethical behavior does not continue to happen." (See Exhibit C)

April 2, 2025 – Ms. McKenna issued a retaliatory letter, copying Mr. Mungovan, accusing me of harassment without providing a single supporting fact. This was a calculated effort to reframe protected speech as criminal.

**"We [Proskauer] consider your continued communications to be harassing and ask that you**

**cease sending communications..." (Mr. Mungovan is copied on the email – See Exhibit C)** Mr.

Dennis consults with criminal counsel.

April 3, 2025 – I submitted a letter to this Court documenting the retaliation and seeking protective relief. I reiterated that Proskauer's escalation strategy was not isolated but part of an institutional pattern of reprisal.

That same day, Proskauer responded with a public letter stating:

**"Defendants consider [Plaintiff's] recent communications to be harassing… a continuation of an improper campaign of harassment he has been waging for years." (See Exhibit C)**

Ms. McKenna provided no explanation or example of what constituted 'harassment.' Mr. Dennis consults with criminal counsel.

April 8–9, 2025 – Defendants accused me of harassing the American Arbitration Association, again without providing any supporting documentation.
Mr. Dennis consults with criminal counsel.

April 16, 2025 – I formally requested from Proskauer:

• The specific emails alleged to constitute harassment;
• A statement of whether they intend to pursue criminal charges based on these communications.

To date, I have received no response. This ongoing uncertainty places me at significant legal risk, particularly given that Proskauer did not disclose to this Court its involvement in the formulation of my post-release supervision conditions— which include restrictions on electronic communications—and their history of engaging law enforcement during pending civil proceedings.

"If you were to notify the Department of Justice that I had 'contacted' former partners, even indirectly, I could face immediate arrest. This is a grave matter, as you know Proskauer continues to serve as criminal counsel to K&L Gates and was involved in advocating for my incarceration with a long prison sentence and post-release supervision. Most importantly, you have not disclosed your involvement to the District Court presently." **III. ESCALATION TIMELINE: APRIL–JULY 2025**

April 1, 2025
Plaintiff emails Proskauer Chairman Steven Mungovan reporting misconduct.    "It is critical that you supervise this matter so that such unethical behavior does not continue..." Mr. Dennis consults with criminal counsel.

April 2, 2025
Ms. McKenna accuses Plaintiff of harassment and copies Proskauer leadership. "We consider your continued communications to be harassing…" Mr. Dennis consults with criminal counsel.

April 3, 2025
Plaintiff files a letter with this Court seeking protection. "…a continuation of an improper campaign of harassment…" Mr. Dennis consults with criminal counsel.

April 8–9, 2025
Defendants accuse Plaintiff of harassing the AAA. No detail or documentation is provided. Mr. Dennis consults with criminal counsel.

April 10, 2025
Proskauer states to this Court:
"For the avoidance of doubt, Defendants do not agree to any of Mr. Dennis's conditions and reserve all rights." Mr. Dennis consults with criminal counsel.

April 16, 2025
Plaintiff asks for identification of alleged "harassing" emails and clarification on criminal referrals.  No response is given. Mr. Dennis consults with criminal counsel.

May 14, 2025
Ms. McKenna files letter suggesting service of process violates supervised release. Mr. Dennis consults with criminal counsel.

May 23, 2025
K&L Gates omits the supervised release claim from its D.C. court filing.
Mr. Dennis consults with criminal counsel.

June 2, 2025
Plaintiff's emails are blocked and rerouted to Proskauer's Director of Security, a former NYPD commander. "The implication was clear: any further communication could trigger a security or criminal response." Mr. Dennis consults with criminal counsel.

June 11, 2025
Plaintiff, then seriously ill, reads May 14 filing for the first time.
Mr. Dennis consults with criminal counsel.

June 27, 2025
Plaintiff files grievance against Ms. McKenna with the First Department. Mr. Dennis consults with criminal counsel.

June 30, 2025
Plaintiff opposes Ms. McKenna's pro hac vice application in D.C. Superior Court.
Mr. Dennis consults with criminal counsel.

July 7, 2025
Proskauer reaffirms criminalization theory in public D.C. filing:
"The idea that Defendants' statement… may have violated the conditions of supervised release… is absurd." Also falsely states that Bostick and Cottle "were not involved" in arbitration. Mr. Dennis consults with criminal counsel.

July 8, 2025
Plaintiff files grievance against John Bicks with the First Department. Mr. Dennis consults with criminal counsel.

[Footnote]
Defendants have ignored the Court's repeated warning that:
"Continued failure to comply with the Court's orders or deadlines… may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence."
*(SDNY Standing Order)*

---

## IV. PRIOR MISCONDUCT BY PROSKAUER AND MS. MCKENNA

A. Misrepresentation of DOJ Involvement

On June 22, 2022, Ms. McKenna stated that the U.S. Department of Justice wished to be "heard" in the arbitration proceeding. No supporting documentation was ever produced. The arbitrator accepted this representation, which prejudiced Plaintiff and was later shown to be unfounded.

B. Improper Contact with Former Defense Counsel

In April 2022, Ms. McKenna forwarded confidential arbitration filings to Neil Kelly, Plaintiff's former criminal defense attorney, while copying a former SDNY prosecutor, Hadassa Waxman. These communications were made without Plaintiff's consent or notice to the AAA and appear to be intended to influence the criminal proceeding.

## V. LEGAL BASIS FOR RELIEF

The Court has inherent authority to protect its proceedings from intimidation, obstruction, and abuse.    In *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), the Supreme Court affirmed that dismissal is appropriate when a party abuses the process in a way that undermines the Court's integrity.

Rule 11 of the Federal Rules of Civil Procedure prohibits filings made "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

In *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407 (S.D.N.Y. 2003), the court sanctioned parties who used litigation for intimidation. In *Seltzer v. I.C. Optics*, 339 F. Supp. 2d 601 (S.D.N.Y. 2004), similar retaliation was found to warrant sanction.

Here, Defendants' repeated threats, vague accusations of harassment, and refusal to disclaim criminal liability constitute litigation abuse. Their selective omission of criminal claims from the D.C. court, while asserting them here, reflects forum manipulation.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Issue a protective and injunctive order prohibiting Defendants from initiating or threatening criminal proceedings based on Plaintiff's communications from April 1–10, 2025, without first providing written notice and opportunity to respond;

2. Require Defendants to identify the precise communications they consider harassing, or confirm that they have none;

3. Strike all references to "harassment" from the record and preclude Defendants from relying on that claim in this or any related proceeding;

4. Impose monetary sanctions for Rule 11 violations, including legal and financial harm to Plaintiff;

5. Dismiss any pending motion or defense tainted by such false allegations, or reserve dismissal as a sanction should misconduct continue;

6. Grant such other and further relief as the Court deems just and proper;

7. Consider dismissal of any claims, defenses, or filings tainted by retaliatory misconduct or false representations to the Court.

*See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *Sanchez v. Litzenberger*, 2022 WL 1017953 (E.D. Pa. Apr. 5, 2022).

## VII. VAGUE ACCUSATIONS OF DISHONESTY AS RETALIATION

Defendants' April 23, 2025 letter states that they "decline to address the numerous false statements contained in Mr. Dennis's submissions," but fails to identify a single example or offer any supporting evidence. These types of statements —deliberately vague and untethered to any sanctions motion—create a chilling effect on protected litigation activity.

Plaintiff respectfully requests that the Court require specificity or strike such unsupported language from the record.

## VIII. PUBLIC RECORD DESIGNATION

Plaintiff respectfully states that this motion is submitted as a matter of public record and public concern, and requests that it be treated as such. The issues presented here—retaliation, misuse of supervised release, and interference with protected legal advocacy—raise systemic concerns that warrant transparency and judicial attention.

## IX. JURISDICTIONAL CLARIFICATION

Plaintiff respectfully states that nothing in this motion should be construed as asking this Court to make findings or draw conclusions regarding issues pending before the Superior Court of the District of Columbia, including pro hac vice admissions, service of process, or the merits of Plaintiff's civil action in that forum. Any findings in this matter should be limited to the conduct and relief sought before this Court.

## X. CHRONOLOGY OF ESCALATING RETALIATION

| April 1, 2025 | Dennis reports McKenna to Mungovan (Proskauer Chair) | Consults criminal counsel |
|---|---|---|
| April 2, 2025 | McKenna accuses Dennis of harassment | Consults criminal counsel |
| April 3, 2025 | Dennis files protective letter; Proskauer escalates | Consults criminal counsel |
| April 10, 2025 | Proskauer reserves all rights to criminal action | Consults criminal counsel |
| May 14, 2025 | McKenna claims service may violate supervised release | Consults criminal counsel |

| | | |
|---|---|---|
| **May 23, 2025** | **K&L omits that claim from D.C. filing** | **Consults criminal counsel** |
| **June 2, 2025** | **Emails blocked and rerouted to Director of Security** | **Consults criminal counsel** |
| **July 7, 2025** | **Defendants reaffirm criminal theory in D.C. court** | **Consults criminal counsel** |
| **July 8, 2025** | **Dennis files grievance against Bicks** | **Consults criminal counsel** |

Respectfully submitted,
/s/ Willie E Dennis
Willie E. Dennis
Pro Se Plaintiff
July 17, 2025

Cc: Timothy Mungovan, Esq
Cc: Guy Brenner

Exhibit Index

**Exhibit Description**

A K&L Gates Arbitration Witness List (November 15, 2021) listing Bostick and Cottle

B Proskauer's April 10, 2025 Letter to Court reserve all rights language

C April 13, 2025 Email and Letter Exchange with Mungovan and McKenna

D May 14, 2025 Filing by Ms. McKenna in SDNY suggesting violation of supervised release

E Judge Rakoff's August 6, 2024 Order Mr. Dennis has a legal right to pursue his lawsuit'

F July 7, 2025 Filing by Proskauer in D.C. reaffirming supervised release theory, misstates facts

H April 16, 2025 Email from Plaintiff requesting clarification on alleged harassing communications

**Exhibit A**

**Filing submitted by Kathleen McKenna to the American Arbitration Association ion November 15, 2021 identifying Calvina Bostick and Eric Cottle as witnesses on behalf of K&L Gates.**

AMERICAN ARBITRATION ASSOCIATION

-----------------------------------------------------------------x

WILLIE DENNIS,                                          :
                                                       :
                        Claimant,                      :
                                                       : **AAA Case No. 01-21-0002-7637**
                v.                                     :
                                                       :
K&L GATES LLP,                                          :
                                                       :
                        Respondent.                    :
                                                       :
                                                       :

-----------------------------------------------------------------x

## RESPONDENT'S WITNESS LIST

Respondent K&L Gates LLP identifies the following witnesses, in addition to Claimant Willie Dennis, that it may call at the upcoming hearing in this matter:

1.      Rosemary Alito

2.      Kim Askew

3.      Annette Becker

4.      Ndenisarya Bregasi

5.      John Bicks

6.      Calvina Bostick

7.      Michael Caccese

8.      Eric Cottle

9.      Glenn Graner

10.     Peter Kalis

11.     Jill Louis

12.     Jeffrey Maletta

13.     Robert Matlin

14. Mary O'Day

15. Laurie Robinson Haden

16. James Segerdahl

17. Whitney Smith

18. Paul Sweeney

19. David Tang

20. Charles Tea

21. Melissa Tea

22. Pallavi Wahi

23. Michael Zanic

24. Any witnesses called or subpoenaed by Claimant, or identified on his Witness List

25. Any witnesses necessary to produce, identify, authenticate, or lay the foundation for the admission of any documents, including documents received from third parties

Respondent reserves the right to supplement, amend, withdraw, or otherwise modify this Witness List, including, without limitation, following Claimant's deposition. Respondent also reserves the right to respond to testimony proffered by Claimant's fact and expert witnesses, which may include, without limitation, calling the above witnesses, or any additional witnesses, for rebuttal purposes.

Dated:  November 15, 2021     New York, New York

PROSKAUER ROSE LLP

By: */s/ Kathleen M. McKenna*

Kathleen M. McKenna
Rachel S. Fischer
Eleven Times Square
New York, NY 10036
Tel:  212.969.3000 Fax:
212.969.2900
kmckenna@proskauer.com
rfischer@proskauer.com

*Attorneys for Respondent*

126933615v1

9

Case 1:20-cv-09393-MKV    Document 83    Filed 04/10/25    Page 1 of 1



Proskauer Rose LLP    Eleven Times Square    New York, NY 10036-8299

April 10, 2025

Kathleen M. McKenna
Member of the Firm

d +1.212.969.3130

**VIA ECF**    f 212.969.2900 kmckenna@proskauer.com

www.proskauer.com

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230

New York, New York 10007

Re:     _Willie Dennis v. K&L Gates LLP, et al._, No. 1:20-cv-09393-MKV

Dear Judge Vyskocil:

We represent Defendants in the above-referenced matter.  We write pursuant to Rule 2(G) of Your Honor's Individual Practices to respectfully request an adjournment of the conference currently scheduled for April 15, 2025 at 3:00 p.m. (Dkt. 81) because counsel for Defendants is unavailable on that date due to previously scheduled commitments.

On April 9, we sent an email to Mr. Dennis requesting his consent to an adjournment and proposed several alternate dates for the conference – specifically, April 22-24 and April 28-May 2.  Mr. Dennis did not respond to our email, but stated in correspondence he submitted to the Court this morning that he is "inclined to consent to the adjournment" under certain conditions that he unilaterally set forth in his correspondence. (Dkt. 82.)  For the avoidance of doubt, Defendants do not agree to any of Mr. Dennis's conditions and reserve all rights.

This is Defendants' first request for an adjournment and we are available on any of the dates identified above.  We thank the Court for its consideration of this matter.


Respectfully submitted,

_/s/ Kathleen M. McKenna_          cc:     Willie

Dennis, Esq. (by ECF and email)

Beijing | Boca Raton | Boston | Chicago | Hong Kong | London | Los Angeles | New Orleans | New York | Paris | São Paulo | Washington, DC

152239937v2

**Exhibit C**


April 1, 2025 email to Mr. Mungovan, the chairman of Proskauer, notifying him of misconduct by Ms. McKenna, April 2, 2025 retaliatory letter from Ms.
McKenna with Mr. Mungovan cc'd accusing Mr Dennis' of harassment and
April 3, 2025 letter from Mr. Dennis to  SDNY, notifying the Court of Proskauer's retaliatory misconduct and requesting a protective injunction against retaliatory filings and harassment.

Mr Mungovan,

I have set forth in previous writings serious unethical actions by Ms.McKenna and Ms. Fisher which remain uncontested. They may not have delivered such information to you.  Upon your request I will provide again.

As the Chairman of Proskauer and consequently ultimately responsibile for all the acts of the partners of the Firm, it is critical that you supervise this matter so that such unethical behavior does not continue to happen.

Thank you

Willie E. Dennis

From: McKenna, Kathleen M. <KMcKenna@proskauer.com>
Date: Wed, 2 Apr 2025 at 5:27 PM
Subject: Re: Request For Due Process Protocols of the American Arbitration Association  To:
Willie Dennis <woc2020@gmail.com>
CC: Mungovan, Timothy W. <tmungovan@proskauer.com>, Fischer, Rachel S. <rfischer@proskauer.com>


Dear Mr. Dennis:

From Defendants' perspective, there is no further response due to you.  We consider your continued **communications to be harassing** and ask that you cease sending communications except as required by the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. Kathleen McKenna

Willie E. Dennis
6858 Hidden Glade Place
Sanford, Florida 32771
518-414-7163 woc2020@gmail.com

April 3, 2025

VIA ECF

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, New York, 10007

Re: Willie Dennis v. K&L Gates LLP, et al No.120-cv-09393-
MKV
Willie E. Dennis v. K&L Gates, AAA Case No. 01-21-0002-7637
Request For a Temporary Injuuction Against Proskauer

Dear Judge Vyskocil,

Yesterday, April 2, 2025, after sending the Chairman of Proskauer, Timothy Mungovan, a respectful request for a copy of the Due Process Protocols of the American Arbitration Association (the Due Process Protocols "), Mr. Mungovan in response last night denied my request and then went on to accuse me of criminal conduct.  Specifically, Mr. Mungovan stated the following:

 **"We [ Proskauer] consider your continued communications to be harassing and ask that you cease sending communications......"**

One (1) request for a copy of the Due Process Protocols from the lawyers adverse to me is constitutionally protected free speech.

I respectfully request that you order Mr.  Mungovan to immediately provide to this Court all communications related to this matter which Mr. Mungovan  deems ....**" harassing "(1)**.

Prior to your receipt and review of such communications I further respectfully request that you issue a temporary injunction preventing Mr. Mungovan or any other partner or employee of Proskauer from making any claims to any law enforcement agency in the United States which could result in my arrest.

Personally, I am astounded that Proskauer, known to be one of the toughest litigation firms in the United States (win at any cost and by any means) would deem a simple request for a copy of the "Due Process Protocols as harassment.

 I believe Mr. Mungovan is attempting to create a fact pattern, on behalf of his clients, K &L Gates, where he can have me imprisoned again, but this time for harassing him.

With respect to meeting the criteria to warrant a temporary injunction I respectfully believe that:

(1)      there is a substantial likelihood of success on the merits as I am confident that my communications with Mr. Mungovan are constitutionally protected speech. The resolution of this issue would take only a few hours of the Court time to review the e-mails which Mr Mungovan claims were harassing.

(2)      I will suffer irreparable injury if the temporary injunction is not granted as I may be arrested and imprisoned. I am the primary caretaker of my father who is 90 years of age suffering from Alzheimer's and dementia. There is no one who can step in and replace me.  He would face a rapid decline of his health.

(3)      the injunction will not substantially injure the other interested parties, as all is being sought is a short delay of this matter to decide one discrete issue which will be proven or not proven through the submission of the communications Mr. Mungovan claims were harassing.

4) this issue is of paramount importance to the public interest. People cannot be allowed to make false claims with the sole intent of having an innocent person arrested. If there is no deterrence what would stop parties from lying causing innocent people to be imprisoned based on intentionally false charges.

Unfortunately, as the day got longer and I became more and more frightened about being arrested at any time did the solution of a request for a temporary injunction come to mind.  I wanted to get it in today

In the interest of time, I have included in this filing my submission today to the American Arbitration Association which provides many more details surrounding Mr. Mungovan's unethical conduct which I respectfully request to be incorporated herein

All the matters discussed above are legal issues (constitutional/ criminal) I have no experience with so I respectfully ask the Court (i) for leniency for a self-represented person (ii) based on questions from the Court time to correct or strengthen any points which I may not have addressed properly in articulating these issues or (iii) time to engage a criminal/ constitutional lawyer[s] to address **this issue created solely by Mr. Mungovan**

Respectfully submitted.,

/s/ Willie E. Dennis
Willie E Dennis

cc: Timothy Mungovaan, Esq (Chairman of Proskauer) Via ECF
cc: Kathleen McKenna, Esq Via ECF
cc: Rachel Fisher, Esq Via ECF

**(1) Please see below e-mail to Mr. Mungovan on April 1, 2025. Please note that Mr. Mungovan responded to this e- mail by accusing me of harassment.**

From: Willie Dennis <woc2020@gmail.com>
Date: Tue, 1 Apr 2025 at 8:12 PM
Subject: Re: Willie Dennis v. K&L Gates LLP, et al No.120-cv-09393-MKV).
To: <tmungovan@proskauer.com>
CC: Willie Dennis <woc2020@gmail.com>

Mr. Mungovan,


I have set forth in previous writings serious unethical actions by Ms. McKenna and Ms. Fisher which remain uncontested. They may not have delivered such information to you. Upon your request I will provide again.

As the Chairman of Proskauer, and consequently ultimately responsible for all the acts of the partners of the Firm, it is critical that you supervise this matter so that such unethical behavior does not continue to happen.


Thank you

Willie E. Dennis

# Exhibit D

July 28, 2025 Superior Court filing by Plaintiff, documenting chilling effect.

July 28, 2025

VIA E-FILING, EMAIL AND FEDEX

The Honorable Leslie A. Meek

Superior Court of the District of Columbia

Civil Division

500 Indiana Avenue NW

Washington, D.C. 20001

Re: Supplemental Submission in Support of Emergency Motion

Case No. 2025 CAB 002634 – Willie E. Dennis v. K&L Gates LLP, et al.

Dear Judge Meek:

Please find enclosed for filing Plaintiff's Supplemental Submission in Support of Emergency Motion to Set Aside Anticipated Dismissal, Preserve Appellate Rights, and Restore Case to Active Docket.

This filing addresses several critical factual and procedural issues that were not adjudicated during the July 25, 2025 hearing and respectfully urges the Court to defer any ruling until a complete and fair record is before it. The submission also clarifies Plaintiff's position regarding improper service, due process concerns, retaliatory conduct by Defendants, and recent health complications that have affected Plaintiff's ability to respond.

More urgently, on July 24, 2025, Defendants submitted a letter in this action alleging that Plaintiff's lawful service of process on individuals named in this civil litigation could constitute "witness harassment" and violate Plaintiff's federal supervised release. This assertion—made just hours before the Court's Remote Initial Scheduling Conference—had an immediate chilling effect and placed Plaintiff at risk of further criminal referral merely for exercising his right to pursue civil redress.

Pro Se Plaintiff had assumed this would be the first issue the Court would address at the Remote Initial Scheduling Conference. With this threat looming, Plaintiff was unable to respond fully and completely to the Court's questions out of fear that any statement entered into the record could be mischaracterized and used to justify reincarceration. Similarly, the attached submission does not include all of the facts or arguments Plaintiff would otherwise have presented, as the threat of criminal consequences remains unresolved.

Plaintiff has since spoken with criminal counsel, who advised that it was unwise to submit further testimony or filings until (i) the Court rules on Defendants' accusation that Plaintiff's lawful service was criminal, and (ii) counsel can review the transcript and assess whether Plaintiff has exposed himself to potential prosecution. Accordingly, Plaintiff respectfully requests that this submission be held in abeyance and that no ruling issue until Plaintiff has had a fair opportunity to rebut Defendants' accusations with the assistance of criminal counsel.

The stress, uncertainty, and fear created by repeated criminal accusations from opposing counsel are not only prejudicial to Plaintiff's legal rights but pose a serious and immediate threat to his health. If Plaintiff is re-incarcerated under false pretenses, he will be deprived of access to urgently needed medical care—treatment which may be essential to preventing serious harm or early death. The Court must act immediately to prevent irreparable injury.

Finally, before ruling on any assertion or request by Defendants based on alleged violations of supervised release, Plaintiff respectfully requests the right to submit a rebuttal filing that will be reviewed by criminal counsel prior to submission. This is necessary to safeguard both Plaintiff's constitutional rights and the integrity of these proceedings.

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Willie E. Dennis

Willie E. Dennis

Plaintiff Pro Se

6858 Hidden Glade Place

Sanford, Florida 32771

(518) 424-7163

woc2020@gmail.com

CC:

Timothy Mungovan, Esq. – Proskauer Rose LLP

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION


WILLIE E. DENNIS,

Plaintiff Pro Se,

v.

K&L GATES LLP, et al.,

Defendants.


Case No. 2025 CAB 002634

Judge: The Honorable Leslie A. Meek


## SUPPLEMENTAL SUBMISSION IN SUPPORT OF EMERGENCY MOTION TO SET ASIDE ANTICIPATED DISMISSAL, PRESERVE APPELLATE RIGHTS, AND RESTORE CASE TO ACTIVE DOCKET

Plaintiff Willie E. Dennis respectfully submits this supplemental filing in support of his Emergency Motion filed July 25, 2025. The anticipated dismissal of this action—based on the claim that Plaintiff failed to make a timely motion to vacate the arbitration order—was made without notice, without hearing, and without adjudication of core procedural and constitutional issues. This supplemental filing addresses those errors, highlights retaliatory conduct, and respectfully requests that the Court defer ruling, restore the case to the active docket, and permit further factual development.


As background, the only communication Plaintiff received from the Court prior to the July 25, 2025 Remote Initial Scheduling Conference was a Notice of Remote Initial Scheduling Conference, not a dispositive motion notice. Less than 24 hours before that appearance, Defendants filed another letter suggesting that Plaintiff's lawful service of process might constitute a federal crime. This filing was made the night before the conference and had an objectively chilling effect on Plaintiff's ability to engage freely and fully in that proceeding. A true and correct copy of the Notice is attached as Exhibit A.


Even in their most recent July 24, 2025 filing, Defendants continued to refer to Mr. Eric Cottle as a "victim" for purposes of arguing that Plaintiff's lawful litigation service could violate supervised release. This was materially misleading. On March 26, 2025, the U.S. Court of Appeals for the Second Circuit overturned Mr. Cottle's conviction.

Hadassa Waxman—Proskauer's litigation partner and former Co-Chief of the General Crimes Unit in SDNY—was personally informed of that decision. Despite this, Defendants failed to correct their filings and continued to rely on that discredited conviction to support threats of criminal exposure. This intentional omission of a material fact undermines the credibility of Defendants'

representations and raises serious ethical concerns. No dispositive ruling should be made without factual testing of these statements.

## I. The Court and Arbitrator Never Ruled on the Service Issue

Plaintiff's filings of January 31 and February 24, 2025 (submitted previously to the court) challenged the validity of service of the January 7 arbitration order. The order was not delivered by the Arbitrator or the AAA, but by Proskauer—one of the Defendants. The Arbitrator denied Plaintiff's request for modification without explanation. He did not address the service issue nor find the request untimely.

Importantly, the Arbitrator accepted multiple filings from Plaintiff after the alleged January 7 order, including the February 24 submission that squarely raised the improper service issue. If the Arbitrator believed the request was untimely, he could have declined to entertain any further submissions. His continued acceptance of filings undermines any claim of procedural bar. Plaintiff wrote at the time:

> "To allow a deviation from our customary 'notice' practice in this matter with a pro se counsel representing himself for such a significant issue with draconian ramifications, would be unjust and demonstrate that K&L Gates and Proskauer have undue influence over this process." (Ex. E, Feb. 24 Letter)

To avoid burdening the Superior Court with evidentiary disputes, Plaintiff previously asked the U.S. District Court for the Southern District of New York to request confirmation from the AAA with respect to the delivery issue:

> "(1) the date(s) and method(s) by which the final award in AAA Case No. 01-21-0002-7637 was delivered; and
> (2) whether such delivery was effected by the AAA or the Arbitrator — as governed by Rule R-47(c) of the AAA Commercial Arbitration Rules and 10 Del. C. § 5713."

No response has been provided by the AAA, and Defendants have refused to assist. This ambiguity works to their benefit.

This Court, I respectfully believe, has not ruled on whether service was proper at the July 25 Remote Initial Scheduling Conference without testing the facts or acknowledging Pro Se Plaintiff's filings. Dismissal cannot rest on a disputed factual predicate that was never adjudicated. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (due process requires notice "reasonably calculated" to reach the intended recipient).

## II. Actual Knowledge Does Not Cure Improper Service

At the July 25 Remote Initial Scheduling Conference, the Court appeared to treat Plaintiff's eventual awareness of the arbitration order as equivalent to proper service. Many procedural frameworks—particularly those under the AAA and Delaware Uniform Arbitration Act—tie deadlines to the date of formal delivery, not a party's subjective awareness. Actual knowledge, if later acquired, does not cure defective service.

Permitting actual knowledge to stand in for proper service invites abuse—particularly in pro se matters. It allows one party to bypass neutral service and deliver final orders through unreliable or informal means, risking serious prejudice without accountability.

## III. Defendants Used Supervised Release Threats to Chill Advocacy

On July 24, 2025, just hours before the Remote Initial Scheduling Conference, Defendants submitted a letter asserting that Plaintiff's lawful service of court papers on Calvina Bostick and Eric Cottle might violate the terms of supervised release. That letter included the following passage:

"Plaintiff's delivery of legal papers to these individuals raises concerns of compliance with his supervised release conditions, including potential witness harassment." (Defs.' Letter, July 24, 2025)

Defendants went on to say:

"We respectfully reserve all rights and remedies regarding Plaintiff's conduct, which may violate the terms of his supervised release."

This theory was absent from Defendants' May 23 filing—submitted in this very case where service is properly adjudicated—but reappeared when needed to frame Plaintiff's conduct as criminal. It was included in Defendants' May 14, 2025 submission to the District Court of the Southern District of New York, which does not have jurisdiction to decide proper service for matters before this Court. That selective invocation of criminal jeopardy is a form of retaliatory litigation.

More troublingly, Defendants failed to inform the Court that Ms. McKenna herself submitted a November 15, 2021 arbitration witness list naming both Mr. Cottle and Ms. Bostick—just one day prior to Plaintiff's arrest. The resulting testimony, and its subsequent use in this civil case, made it necessary for Plaintiff to name them. For Defendants to now suggest that serving these individuals by mail—a lawful act under Superior Court Rules—could trigger reincarceration is not only wrong as a matter of law, it is legal intimidation.

Unfortunately for the Plaintiff, the Court has never ruled on that accusation. By declining to address or reject it, the Court risks creating an appearance of tacit approval. This silence empowers Defendants to pursue further criminal referral based on conduct that is legally protected.

Indeed, they may now argue:

"We notified the Superior Court in July 2025 and the Court did not object."

No pro se litigant—particularly one recently incarcerated—should be put in this position without any ruling from the Court. Basic fairness demands that such accusations be adjudicated or at least rejected on the record.

## IV. Defendants Misrepresented Mr. Cottle's Legal Status

Defendants repeatedly referred to Mr. Eric Cottle as a "victim," even after his conviction was vacated by the Second Circuit on March 26, 2025. Hadassa Waxman of Proskauer was notified directly. Nonetheless, the July 24 filing continued to use that conviction to justify threats against Plaintiff.

This is a material misrepresentation designed to bolster the narrative of risk and support dismissal. It should be corrected before any ruling is made.

## V. Transcript Needed to Clarify the Record

The Remote Initial Scheduling Conference lasted under 15 minutes. Plaintiff was not informed that dismissal was under consideration. The transcript is needed to confirm that no ruling was made on service, timing, or the conduct of Defendants. Plaintiff requests a brief opportunity to obtain and review it.

## VI. Plaintiff's Medical Condition Warrants Additional Time

Defendants are aware of Plaintiff's critical health care needs and have attempted to exploit these issues by pressing procedural deadlines for tactical gain.

On July 13, 2025, Plaintiff was seen at AdventHealth Altamonte Springs Emergency Department due to worsening leg pain, numbness, and prior complications from a May femoral fracture. Emergency imaging confirmed:

- Complete occlusion of both superficial femoral arteries;
- High-grade stenosis in tibial arteries;
- Cardiomegaly and abnormal venous phasicity suggesting heart failure.

Physicians warned of potential tissue loss or amputation. These conditions are compounded by a drop in heart function to 25% ejection fraction. Plaintiff now wears a LifeVest defibrillator and has been advised by his treating cardiologist, Dr. Justin George (Mount Sinai), on July 22, 2025 (Exhibit to follow) to return to New York for evaluation. Local appointments have been unavailable due to insurance limitations.

These conditions merit additional time to finalize declarations and evidence.

## VII. Defendants Retaliated After Federal Rule 11 Motion

Plaintiff's Rule 11 sanctions motion against Ms. McKenna was filed in SDNY on July 24, 2025. Defendants' supervised release threat letter followed just two hours later. This timing reinforces that Defendants acted to intimidate and retaliate.

## VIII. July 25 Preliminary Filing May Have Been Overlooked

Plaintiff's preliminary July 25 filing—submitted at 8:24 AM by email and e-filing—included the following:

Exhibit A: Key Issues Defendants Did Not Address

| Issue Raised by Plaintiff | Defendantsâ€ℳ Response | Notes |
|---|---|---|
| Failure to produce documents supporting Ms. McKennaâ€ℳs April 2. 2025 harassment accusation | Not addressed | Nearly four months with no disclosure, despite repeated invocation of these accusations. Plaintiff is forced to operate in the dark, under threat, while Defendants withhold discovery and try to rush deadlines. |

| | | |
|---|---|---|
| Refusal to disclaim criminal referral validates Plaintiff's concern | Confirmed refusal | Defendants openly state they won't disclaim intent. Confirms a live threat that discourages protected filings. |
| Fifth Amendment risk from filing under threat of prosecution | Not addressed | No discussion of constitutional protections or case law. Court is being asked to compel possibly incriminating testimony. |
| First Amendment / due process chilling effect | Not addressed | No response to Plaintiff's right of access to courts under threat. This is a core constitutional issue. |
| Plaintiff's early warnings (July 17 & 20 letters) | Not addressed | Plaintiff proactively notified the Court of retaliatory threats. Ignoring this shows bad faith and undermines Defendants' timeline argument. |
| Need for reply to challenge | | Defendants do not address the risk Plaintiff faces |

| | | |
|---|---|---|
| trial testimony & arbitration | Not addressed | timeline |
| April 11 and July 18 letters | Minimized or asserting supervised release theory | denied |
| Pro se vulnerability facing two major law firms | Not acknowledged | |

by rebutting claims they have tied to supervised release.

Defendants deny calling service a€recriminal,a€ but still argue it a€remay violatea€ supervision a€" a distinction without a difference. No recognition of imbalance or disproportionate burden. Underscores why Plaintiff needs more time and protection

Exhibit B: List of Nine Proskauer Attorneys and Staff Involved

1. Kathleen McKenna – Partner, Labor & Employment

2. Steven A. Brenner – Partner, Litigation

3. Timothy Mungovan – Chairman

4. Bobbi Preyer – Partner, Litigation

5. Hadassa Waxman – Partner; Former Co-Chief, General Crimes Unit, SDNY

6. Rachel S. Fischer – Senior Counsel

7. Julia Hollreiser – Associate

8. Julia Wolfman – Legal Staff / Admin Support

9. Ted Bernsten – Director of Security; former NYPD official


Plaintiff believes the filing may not have been reviewed prior to the July 25 hearing. It raised urgent constitutional concerns and rebutted the criminal service narrative. It should be included in the record.


**RELIEF REQUESTED**

Plaintiff respectfully requests that the Court:


1. Decline to enter the anticipated dismissal;

2. Restore this matter to the active docket;

3. Permit Plaintiff to file supplemental materials and declarations;

4. Grant Plaintiff time to obtain and review the July 25 transcript;

5. Allow Plaintiff to be heard on Proskauer's misconduct in both forums;

6. Set a hearing, if necessary, to address these issues and preserve the record.

**Reservation of Rights to Supplement**

Due to Plaintiff's documented medical limitations, limited access to printing resources, and the urgency of filing before the Court rules on anticipated dismissal, this submission is being filed in its current form. Plaintiff respectfully reserves the right to supplement this motion with additional factual materials, legal authorities, and full copies of referenced exhibits no later than July 29, 2025. Plaintiff respectively requests no ruling be issued until Plaintiff has had a fair opportunity to complete the record.

**Clarification Regarding Legal Citations**

Plaintiff previously cited Safeway Stores, Inc. v. Kelly, 448 A.2d 856 (D.C. 1982), and Capitol Gateway Family Holdings, LLC v. Meek, in earlier drafts and filings. Upon further review, Plaintiff respectfully withdraws reliance on both cases. The full text could not be located with sufficient certainty under time constraints, Plaintiff notes that case law research has been conducted primarily through secondary summaries and pro bono sources,

The primary argument regarding service is now based on Mullane v. Central Hanover Bank, 339 U.S. 306 (1950), and the plain text of AAA Rule R-47(c) and 10 Del. C. § 5713.

Respectfully submitted,

/s/ Willie E. Dennis

Willie E. Dennis

Plaintiff, Pro Se

6858 Hidden Glade Place

Sanford, Florida 32771

Email: woc2020@gmail.com

Phone: (518) 424-7163

CC: Timothy Mungovan, Esq

Kathleen McKenna, Esq

Guy Brenner, Esq

# Exhibit E

Proskauer Staff and Attorney Involvement Chart (Federal, D.C., Arbitration Forums):

1. Kathleen McKenna – Partner, Labor & Employment
2. Steven A. Brenner – Partner, Litigation
3. Timothy Mungovan – Chairman
4. Bobbi Preyer – Partner, Litigation
5. Hadassa Waxman – Partner; Former Co-Chief, General Crimes Unit, SDNY
6. Rachel S. Fischer – Senior Counsel
7. Julia Hollreiser – Associate
8. Julia Wolfman – Legal Staff / Admin Support
9. Ted Bernsten – Director of Security; former NYPD official