# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Willie E. Dennis,

Plaintiff,

v.

K&L Gates LLP, et al.,

Defendants.

Case No. 1:20-cv-09393-MKV

**PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANTS' MAY 14, 2025 MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff Willie E. Dennis respectfully submits this reply in opposition to Defendants' May 14, 2025 Motion to Dismiss.

Plaintiff's ability to respond fully remains severely constrained by circumstances beyond his control:

1. Unresolved Risk of Self-Incrimination and Lack of Criminal Counsel

- Defendants and their counsel, Proskauer Rose LLP, have repeatedly made criminal accusations against Plaintiff and threatened referral to law enforcement.
- For example, in Proskauer's May 14, 2025 filing, Defendants stated:

"Alarmingly, Mr. Dennis's improper inclusion of Ms. Bostick and Mr. Cottle in the D.C. Superior Court action and his service of them with process would seem to be a violation of the terms of his supervised release."

- Plaintiff has requested protective relief and appointment of criminal counsel to safeguard his Fifth Amendment rights, yet the Court has not ruled.

2. Missing Legal Files from Prior Counsel

- Plaintiff still lacks his complete case files from former counsel David Cohen ( Cohen Forman Barone,PC)  impairing his ability to defend himself.
- Plaintiff has made four separate motions to the Second Circuit to terminate Mr. Cohen and compel return of his files.
- Defendants' motion to dismiss devotes its first two pages to Plaintiff's criminal proceeding, yet Plaintiff is being asked to respond without the records necessary to do so safely.

3. Potential Use of This Filing for Criminal Referral

- Defendants and Proskauer have repeatedly refused to disclaim their intent to pursue a supervised release violation or criminal referral, most recently on July 24, 2025.
- This makes a full response dangerous without protective measures from the Court.

4. Severe Medical Limitations and Caregiver Duties

- Plaintiff suffers from serious vascular and cardiac conditions, including:
    - Complete occlusion of superficial femoral arteries
    - Cardiomegaly
    - 25% heart ejection fraction, requiring a LifeVest defibrillator. The Court has not yet addressed these issues.
- Plaintiff was hospitalized on July 13, 2025 and remains under active treatment, with follow-up scheduled for August 7, 2025, while serving as primary caregiver to his 90-year-old father with dementia.
- These conditions, exacerbated by retaliatory threats and the stress of potential wrongful incarceration, have severely restricted his ability to prepare this reply.

This motion is tainted by retaliation and rests on a distorted narrative that seeks to weaponize proceedings previously overseen by Judge Jed S. Rakoff in the Southern District of New York. Defendants have repeatedly threatened to treat Plaintiff's lawful court filings and attorney grievance submissions as potential violations of supervised release—while refusing to contest the truthful and documented content of those filings, including evidence that their own witnesses provided contradictory sworn testimony before Judge Rakoff.

**If Judge Rakoff were made aware that Defendants and Proskauer are now twisting the intent of his prior rulings to suppress lawful filings and intimidate a pro se litigant, he would likely view such conduct with deep concern.**

Because these due process concerns remain unresolved, Plaintiff files this reply to preserve his rights, oppose dismissal on procedural grounds, and create a clear record for appellate review. Plaintiff also requests leave to supplement this reply if Defendants raise new arguments in their reply papers.

**I. DEFENDANTS' MOTION TO DISMISS IS PREMATURE BECAUSE ARBITRATION IS NOT FINAL**

1. Arbitration Remains Pending Under FAA and Delaware Law

- Under the Federal Arbitration Act and Delaware law, an arbitration award is not "final" until service and delivery are properly completed and the time for vacatur has fully run.
- Plaintiff has a pending vacatur petition; the arbitration process remains open, and dismissal now would deny statutory rights.

2. Improper Service and Delivery

- The Award was never properly served or delivered under AAA rules or Delaware law.
- Actual knowledge does not cure improper service—as this Court and D.C. Superior Court are both aware.

3. Exclusive Jurisdiction of D.C. Superior Court

- Partnership Agreement §12.01(b) designates D.C. Superior Court as the forum for confirmation, enforcement, or vacatur.

- SDNY should await the outcome of that proceeding before ruling; premature dismissal would extinguish contractual rights.

4. Defendants' Own Dual Motions Undermine Their Position

- Defendants filed both a Motion to Dismiss and a Motion to Dissolve Stay, signaling procedural uncertainty.

- If the arbitration were truly final, they would not need to lift the stay first; their filings reflect strategic maneuvering, not finality.

## II. DEFENDANTS' MOTION IS TAINTED BY RETALIATORY THREATS AND MISREPRESENTS PLAINTIFF'S FILINGS

1. Filings Were Lawful, Fact-Based, and in Good Faith

- Plaintiff's filings exposed:
    - Contradictory sworn testimony by Defendants' witnesses (Bicks, Bostick, Cottle)
    - Improper disclosures of Plaintiff's confidential information in 2018–2019

- 
- These facts remain uncontested.

- Judge Rakoff would likely view such contradictions with deep concern if brought to his attention.

2. Defendants Attack the Act of Filing, Not the Content

- Defendants insinuate that lawful service or grievance filings could violate supervised release.

- They do not contest the truth of the filings, confirming their retaliation motive.

3. Pattern of Escalating Retaliation
Defendants' escalating pattern of retaliation and intimidation is summarized in the chart below, which incorporates the most recent events through July 24, 2025, including the D.C. filing submitted just two hours after Plaintiff filed his SDNY Rule 11 motion. This pattern confirms that Plaintiff's fear of arrest is no longer speculative and that Defendants are leveraging legal and extra-legal tactics to chill his protected filings.

| Date | Filing / Event | Description / Quote | Plaintiff Response |
|---|---|---|---|
| Jan 31, 2025 | Request for Modification of Arbitration Order | Challenged improper service and procedural irregularities in arbitration; raised sworn testimony discrepancies | Documented misconduct; allegations never rebutted |
| Apr 1, 2025 | Email to Steven Mungovan (Proskauer Chairman) | It is critical that you supervise this matter so that such unethical behavior does not continue¦ | Consulted criminal counsel |

| Apr 2, 2025 | McKenna email accusing harassment | We consider your continued communications to be harassing¦ | Consulted criminal counsel |
|---|---|---|---|
| Apr 3, 2025 | Letter to SDNY for protection | Proskauer responded accusing Plaintiff of improper campaign of harassment<br><br>No documentation provided | Consulted criminal counsel |
| Apr 8-9, 2025 | AAA harassment accusation | No documentation provided | Consulted criminal counsel |
| Apr 10, 2025 | Proskauer to Court | For the avoidance of doubt, Defendants reserve all rights to assert criminal charges | Consulted criminal counsel |
| Apr 11, 2025 | Court Order | Finds alleged harm speculative and not imminent | Consulted criminal counsel |
| Apr 16, 2025 | Plaintiff seeks clarification on harassing emails | No response | Consulted criminal counsel |
| May 14, 2025 | Motion to Dismiss (SDNY) | Suggests service of process violates supervised release | Consulted criminal counsel |
| May 23, 2025 | Omission in D.C. filing | Skips same supervised release claim | Consulted criminal counsel |
| May-Jun 2025 | Procedural obstruction | Emails blocked; rerouted to Director of Security (ex'NYPD) | Consulted criminal counsel |
| June 30, 2025 | Plaintiff's opposition motion | Plaintiff opposes Ms. McKenna's pro hac vice application in D.C. Superior Court. | Consulted criminal counsel |
| Jul 7, 2025 | Public D.C. filing | The idea that Defendants™ statement¦ may have violated the conditions of supervised release¦ is absurd. Misstates Bostick & Cottle roles. | Consulted criminal counsel |
| Jul 24, 2025 | D.C. filing 2 hours after Rule 11 | Implied service = harassment; chilling effect | Consulted criminal counsel |

**III. IMBALANCE OF RESOURCES AND LITIGATION PRESSURE**

| Name | Title / Role | Notes |
|---|---|---|
| Kathleen McKenna | Partner, Labor & Employment | Central to litigation and alleged retaliation |
| Guy Brenner | Partner, Litigation | Lead D.C. counsel |
| Timothy Mungovan | Chairman | Oversaw firm conduct in SDNY & D.C. |
| Bobbi Preyer | Partner, Litigation | Assisted in D.C. matters |
| Hadassa Waxman | Partner; Former SDNY Co'Chief, Crimes | Potential role in criminal referral |
| Rachel S. Fischer | Senior Counsel | Signed AAA arbitration pleadings |
| Julia Hollreiser | Associate | Supports SDNY, D.C., and AAA matters |
| Julia Wolfman | Legal Staff / Admin Support | Arbitration correspondence |
| Ted Bernsten | Director of Security; Former NYPD | Emails routed to him without consent |

## IV. PLAINTIFF HAS REPEATEDLY SOUGHT URGENT RELIEF AND CLARITY

• Plaintiff has filed multiple motions seeking:

1. Protective orders
2. Appointment of criminal counsel
3. Medical extensions and deadline clarification
    • The Court has not ruled on these threshold requests, leaving Plaintiff in procedural limbo and increasing appellate risk if dismissal occurs now.

## V. RESERVATION OF RIGHTS

Plaintiff incorporates by reference all prior filings and exhibits on the docket and expressly reserves the right to supplement this reply if the Court requests additional documentation or if new developments arise.

Plaintiff notes that any ruling by this Court on Defendants' Motion to Dismiss does not bind the Superior Court of the District of Columbia, which retains exclusive jurisdiction under §12.01(b) of the Partnership Agreement. Plaintiff reserves all rights to pursue and supplement his filings in that forum.

## VI. CONCLUSION

For all of the reasons above, the motion to dismiss should be denied.

Instead of addressing the uncontested evidence of their own misconduct—including conflicting sworn testimony and improper disclosure of confidential information—Defendants now seek to transform lawful, good-faith filings into supposed grounds for dismissal and even implied criminal jeopardy.

Allowing Defendants and Proskauer to weaponize Judge Rakoff's prior proceedings and retaliate against a pro se litigant for truthful, lawful filings would violate due process and the First Amendment.

## VII. RELIEF REQUESTED

For all the reasons above, Plaintiff respectfully requests that the Court:

1. Deny Defendants' Motion to Dismiss as premature;

2. Issue protective guidance confirming that lawful court and grievance filings do not violate supervised release to avoid risk of self-incrimination Rule on Plaintiff's pending extension and medical requests;

3. Reserve Plaintiff's right to supplement this reply upon receipt of case files or new developments;

4. Reserve Plaintiff's right to supplement supplementation upon receipt of missing case files and medical updates;

5. Compel David Cohen to immediately return of Plaintiff's so Plaintiff can protect himself against Defendant's continued threats;
6. Confirm that no portion of this filing shall be sealed absent further Court order.

Respectfully submitted,

Willie E. Dennis

6858 Hidden Glade Place

Sanford, FL 32771

(518) 414-7163

woc2020@gmail.com

Pro Se Plaintiff

August 4, 2025

cc Timothy Mungovan, Esq
Chairman of Proskauer Rose.