**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

Willie E. Dennis,

Plaintiff,

v.

K&L Gates LLP, et al.,

Defendants.bb

Civil Action No. 1:20-cv-09393-MKV

**MOTION TO DISQUALIFY PROSKAUER ROSE LLP AS COUNSEL OF RECORD**

**INTRODUCTION**

Plaintiff Willie E. Dennis respectfully moves to disqualify Proskauer Rose LLP from further participation in this matter, based on a sustained pattern of retaliatory conduct, unsupported criminal accusations, and intimidation tactics that have created a chilling effect and made continued communication with Proskauer unsafe.

**As the Court has ordered Plaintiff to proceed pro se and has not appointed criminal counsel to assist him,** Plaintiff cannot defend this case on fair or constitutional terms while Proskauer remains counsel of record. The firm's conduct—led by its Chairman Timothy Mungovan and litigation partner Kathleen McKenna—has weaponized civil litigation to suppress protected legal activity and must be addressed through disqualification and appropriate sanctions.

Further highlighting Plaintiff's vulnerability is the fact that the Honorable Maria Kahn of the Second Circuit Court of Appeals **has not yet ruled on Plaintiff's June 23, 2025 motion requesting supervised turnover of his case files from his former criminal counsel**. This ongoing delay has left Plaintiff without access to critical documents needed to defend against the escalating criminal allegations being made in this civil case by Proskauer and K&L Gates. Notably, Proskauer is using Hadassa Waxman, its current litigation partner and the former Co-Chief of the U.S. Attorney's General Crimes Unit, in this matter.

Further, Proskauer has refused to withdraw or clarify its claims even after Plaintiff filed a formal Rule 11 motion, sought relief in D.C. Superior Court, and made his position known to the Second Circuit Court of Appeals, the Southern District of New York, the Superior Court of the District of Columbia (Case No. 2025-CAB-002634), and the American Arbitration Association (Case No. 01-21-0002-7637). This silence is not neutral—it enables Proskauer and K&L Gates to continue creating a hostile litigation environment that no unrepresented party could safely or fairly navigate.

Plaintiff further submits for the Court's consideration that he has been diagnosed with severe medical conditions—including complete occlusion of the femoral arteries, cardiomegaly, and a 25% heart ejection fraction—and is the sole caregiver for his 90-year-old father in Sanford, Florida, who suffers from Alzheimer's and dementia and cannot be left alone. A sudden or unannounced arrest based on mischaracterized and never-submitted civil litigation emails would be devastating.

**I. FACTUAL BACKGROUND**

This case is one of three overlapping matters currently pending across separate forums, all captioned Willie E. Dennis v. K&L Gates LLP:

- The present action in the Southern District of New York (Case No. 1:20-cv-09393-MKV),
- A related action in the Superior Court of the District of Columbia (Case No. 2025-CAB-002634), and
- A pending arbitration before the American Arbitration Association (Case No. 01-21-0002-7637).

In each of these forums, Proskauer Rose LLP has taken actions that go beyond zealous representation and have crossed the line into retaliatory intimidation. These include—but are not limited to—the following:

**Pattern of Retaliatory Conduct (Partial Summary)**

| Date | Filing / Event | Description / Quote | Plaintiff Response |
|---|---|---|---|
| Jan 31, 2025 | Request for Modification of Arbitration Order | Challenged improper service and procedural irregularities in arbitration; raised sworn testimony discrepancies | Documented misconduct; allegations never rebutted |
| Apr 1, 2025 | Email to Steven Mungovan (Proskauer Chairman) | It is critical that you supervise this matter so that such unethical behavior does not continue… | Consulted criminal counsel |
| Apr 2, 2025 | McKenna email accusing harassment | We consider your continued communications to be harassing… | Consulted criminal counsel |
| Apr 3, 2025 | Letter to SDNY for protection | Proskauer responded accusing Plaintiff of improper campaign of harassment | Consulted criminal counsel |
| Apr 8–9, 2025 | AAA harassment accusation | No documentation provided | Consulted criminal counsel |
| Apr 10, 2025 | Proskauer to Court | For the avoidance of doubt, Defendants… reserve all rights. | Consulted criminal counsel |
| Apr 11, 2025 | Court Order | Finds alleged harm speculative and not imminent | |
| Apr 16, 2025 | Plaintiff seeks clarification on harassing emails | No response | Consulted criminal counsel |
| May 14, 2025 | Motion to Dismiss (SDNY) | Suggests service of process violates supervised release | Consulted criminal counsel |
| May 23, 2025 | Omission in D.C. filing | Skips same supervised release claim | Consulted criminal counsel |
| May–Jun 2025 | Procedural obstruction | Emails blocked; rerouted to Director of Security (ex-NYPD) | Consulted criminal counsel |
| Jul 7, 2025 | Public D.C. filing | The idea that Defendants' statement… may have violated the conditions of supervised release… is absurd. Misstates | Consulted criminal counsel |

|  |  | Bostick & Cottle roles. |  |
| --- | --- | --- | --- |
| Jul 24, 2025 | D.C. filing 2 hours after Rule 11 | Implied service = harassment; chilling effect | Consulted criminal counsel |
| Aug 7, 2025 | SDNY filing (ECF 147) | Mr. Dennis has repeatedly used [this case] as an avenue to harass his former colleagues, including by filing numerous frivolous submissions containing false accusations against Defendants and their counsel. | Consulted criminal counsel |

This chart is not exhaustive but illustrates the escalating nature of the conduct and the use of legal process to impose risk on the Plaintiff.

This case cannot proceed fairly while Proskauer reserves the right to arrest or incarcerate the other for sending an email, while Proskauer providing supporting documentation or explaining what context is harassing That is exactly the position Proskauer has adopted—repeatedly accusing Plaintiff of harassment or intimidation for serving court filings and responding to correspondence. The firm's July 24, 2025 letter to the D.C. Superior Court contained one of its most egregious examples: **warning that Plaintiff's lawful attempt to serve two Defendants with a scheduling notice might be a violation of supervised release,** and claiming falsely that the individuals involved were "victims."

The individual Proskauer identified as a victim—Eric Cottle—had his conviction overturned on March 26, 2025 by the Second Circuit, a fact known to Hadassa Waxman (Proskauer partner and former SDNY prosecutor) at the time of the July 24 filing. This Court should not countenance knowingly false filings made to mislead another tribunal and frame protected activity as a federal crime.

Plaintiff has asked Proskauer for clarification or withdrawal of these accusations on multiple occasions. The firm has refused. Emails to Proskauer's litigation team are now redirected to Director of Security Ted Bernsten, a former NYPD officer whose involvement only amplifies the implied threat of criminal escalation. Plaintiff's July 24, 2025 Rule 11 motion (SDNY ECF No. 132) laid out this pattern in detail. Proskauer's reply (SDNY ECF No. 133) failed to address any of it.

## II. LEGAL STANDARD

Disqualification is warranted where counsel's continued participation would undermine the integrity of the proceedings, cause unfair prejudice, or create a chilling effect on opposing parties. Courts in the United States have repeatedly affirmed their obligation to ensure that legal proceedings are conducted with integrity and fairness and that the appearance of impropriety may itself be grounds for disqualification.

Because of the urgency of this motion and Plaintiff's limited resources Plaintiff respectfully requests the right to supplement this motion with supporting case law once the research is completed

## III. REQUEST FOR PUBLIC DOCKETING AND CLARIFICATION OF NON-DISPOSITIVE EFFECT

Plaintiff respectfully submits that this motion should be made part of the public docket. It contains no confidential arbitration materials, presents no prejudice to Defendants, and responds directly to accusations made against Plaintiff by Proskauer and K&L Gates in public filings across multiple forums. Plaintiff has no objection to public disclosure. Given

that the accusations originate with Defendants and have been used to seek adverse relief, they cannot now object to transparency.

Plaintiff further notes that any ruling by this Court on this motion is not dispositive of the same or related issues currently pending before the Superior Court of the District of Columbia (Case No. 2025-CAB-002634). That court retains full and independent authority to adjudicate these matters in parallel, and this motion does not seek to limit or preclude that forum's jurisdiction in any way.

**IV. RELIEF REQUESTED**

Plaintiff respectfully requests that the Court:

1. Disqualify Proskauer Rose LLP from further participation as counsel of record in this case;
2. Prohibit Proskauer from engaging in any further communications with Plaintiff;
3. Direct K&L Gates LLP to confirm whether it intends to adopt or rely on any allegations made by Proskauer that may subject Plaintiff to criminal risk;
4. Refer Proskauer's conduct to the appropriate disciplinary authorities if the Court deems it appropriate;
5. Permit Plaintiff to supplement this motion upon receipt of additional filings, court transcripts, responses from law enforcement agencies, or receipt from his former criminal counsel, David Cohen of Cohen Forman Barone PC, of the files from his criminal case; and
6. Grant such other and further relief as the Court deems just and proper.

**CONCLUSION**

This case has become unrecognizable from its original posture as a civil dispute. Plaintiff—a pro se litigant suffering from severe medical conditions and caring for a dependent parent—now faces the daily risk of criminalization for protected legal advocacy. The use of private security, vague accusations, and calculated silence by Proskauer has crossed the line into actionable misconduct.

The Court has the authority, the record, and the imperative to act. Plaintiff respectfully urges that it do so now.

Respectfully submitted,

/s/ Willie E Dennis

Willie E. Dennis

Pro Se Plaintiff

woc2020@gmail.com