USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/26/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIE E. DENNIS,

                Plaintiff,

-against-

K&L GATES LLP, *et al.*,

                Defendants.

1:20-cv-9393 (MKV)

**ORDER WITH RESPECT TO PLAINTIFF'S REPETITIVE FILINGS**

      Plaintiff, proceeding *pro se*, alleges claims for race discrimination and retaliation in violation of Section 1981, Title VII, and various other state law claims. *See* Amended Complaint ¶¶ 123–223, [ECF No. 34]. A motion to compel arbitration was granted by the D.C. Superior Court and this case was subsequently stayed pending the outcome of the American Arbitration Association ("AAA") proceeding between the parties. [ECF No. 35].

      After receiving a joint letter from the parties regarding the conclusion of the AAA proceeding and multiple motions and letters from Plaintiff that he labeled as urgent, the Court held a conference on May 1, 2025. At that conference the Court warned Plaintiff, through Richard Stone, Esq., who very briefly appeared on behalf of Plaintiff before withdrawing as counsel, that Plaintiff needed to stop the profuse filings, emails, and calls to chambers. [ECF No. 101]. Plaintiff's former counsel, Mr. Stone, assured the Court that he made it clear to Plaintiff that he needed to stop the repetitive filings and communications to chambers. [ECF No. 101]. Shortly thereafter, as discussed at the conference, the Court set a schedule for Defendants' contemplated motion to dismiss. [ECF No. 92]. In accordance with the schedule set by the Court, Defendants filed their motion to dismiss on May 14, 2025. [ECF No. 97]. The Court was then informed that Plaintiff would once again be proceeding *pro se*, and after multiple extensions were granted [ECF Nos. 103, 113], several very clear warnings were issued, and numerous further extension requests

1

were denied, [ECF Nos. 118, 132], Plaintiff filed his opposition to Defendants' motion. [ECF No. 141]. Defendants replied. [ECF No. 147]. Therefore, as of August 7, 2025, the motion to dissolve the stay and dismiss this action was fully briefed.

Throughout the pendency of this litigation, Plaintiff has filed numerous letters and motions seeking various forms of relief that are either entirely duplicative of other requests made to this Court or are unsuitable for resolution by this Court. For example, Plaintiff has filed multiple letters asking the Court to reconsider its prior rulings and Orders denying Plaintiff temporary restraining orders and denying further extensions for Plaintiff to file his opposition to Defendants' motion to dismiss. [ECF Nos. 138, 144, 145, 146]. Plaintiff has filed numerous letters requesting that this Court preclude Defendants from making criminal accusations against Plaintiff, referring criminal accusations against Plaintiff to law enforcement, or initiating criminal proceedings against Plaintiff. [ECF Nos. 124, 128, 129]. Plaintiff has also filed several letters requesting that this Court appoint criminal counsel in this civil matter, [ECF Nos. 136, 149, 150], and letters regarding requests Plaintiff has previously or simultaneously made to other Courts, including the Second Circuit and the Supreme Court, regarding other matters. [ECF Nos. 139, 151, 152, 153, 154]. Additionally, Plaintiff has also been repeatedly emailing the Court, sometimes multiple times a day, in violation of both my Individual Rules and prior written and verbal warnings to not email materials to Chambers and to instead file any proper letters or motions with the Pro Se Intake office. *See* Rule B(i). This is an abbreviated summary of the numerous and repetitive filings Plaintiff has made in this action.

As this Court explained to Plaintiff at the May 1, 2025 conference and in multiple prior Orders, *see* ECF Nos. 75, 84, while Plaintiff is proceeding *pro se* and as such the Court must afford Plaintiff special solicitude, *see Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536

(S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)) ("Courts must afford *pro se* plaintiffs 'special solicitude' " in reviewing their filings.), as the Second Circuit has made clear, *pro se* status does not "excuse frivolous or vexatious filings" or "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks and citations omitted).

The motion to dismiss this action is fully briefed and the Court will decide that motion and any other pending motions properly filed in this action in due course. In the meantime, Plaintiff is directed to stop submitting repetitive and duplicative filings. Furthermore, Plaintiff is directed to cease filing letters or motions in this Court that provide information or seek relief related to other actions, including other civil actions, appellate matters, or criminal cases. This Court has no authority or jurisdiction to resolve those matters and they are irrelevant to the proper resolution of this action. Plaintiff is on notice that the continued filing of duplicative, vexatious, and/or irrelevant filings may result in sanctions, including monetary penalties, loss of certain filing privileges, and/or the imposition of certain pre-filing restrictions.

**Failure to comply with the Court's orders or deadlines, the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

**SO ORDERED.**

Date: **August 26, 2025**
New York, NY

_____
**MARY KAY VYSKOCIL
United States District Judge**