USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/26/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIE E. DENNIS,

                Plaintiff,

-against-

K&L GATES LLP, *et al.*,

                Defendants.

1:20-cv-9393 (MKV)

**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR RECUSAL**

---

Before the Court is an Emergency Motion for Recusal filed by Plaintiff who is proceeding *pro se*. [ECF No. 161]. For the reasons discussed below the motion is DENIED.

## BACKGROUND

Familiarity with the extensive procedural history and facts of this case are presumed for purposes of this Order. In brief, Plaintiff, who is an attorney, *see* Amended Complaint ¶¶1,3, 12, but is proceeding *pro se*,[1] filed a complaint in November 2020 and subsequently amended the complaint asserting claims against Defendant K&L Gates LLP, his former law firm, and Defendants David Tang, James Segerdahl, Jeffrey Maletta, Michael Caccese, Annette Becker, Pallavi Wahi, John Bicks, and Charles Tea, former colleagues, for race discrimination and retaliation in violation of Section 1981, Title VII, and various other state law claims. *See* Amended Complaint ¶¶ 123–223. Thereafter, a motion to compel arbitration was granted by the D.C.

---

[1] Since Plaintiff is proceeding *pro se* in this action the Court has afforded Plaintiff special solicitude and a wide latitude, including granting him numerous lengthy extensions over the course of this action and multiple warnings regarding his conduct without imposing any sanctions. *See, e.g.,* ECF Nos. 32, 45, 75, 81, 84, 92, 113, 118, 132, 156. As the Court has explained numerous times, the Second Circuit has made clear, *pro se* status does not "excuse frivolous or vexatious filings" or "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks and citations omitted). Furthermore, the Court notes that, where, as here, an attorney represents himself in a proceeding, he is not necessarily entitled to the special solicitude normally granted to *pro se* litigants. *See Tracy* v. *Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("In addition, the appropriate degree of special solicitude is not identical with regard to all pro se litigants . . . . The ultimate extension of this reasoning is that **a lawyer representing himself ordinarily receives no such solicitude at all**.") (emphasis added).

1

Superior Court and this Court subsequently stayed this case pending the outcome of the American Arbitration Association ("AAA") proceeding between the parties. [ECF No. 35].

In January 2025, the Court received a joint letter from the parties stating that "the Arbitrator in the AAA arbitration issued a confidential decision dismissing all of Mr. Dennis's claims with prejudice – the same claims asserted by Mr. Dennis in this case." [ECF No. 58]. Defendants requested that the Court dismiss this action in light of the arbitration and Plaintiff requested that the Court retain jurisdiction until his motion to vacate the decision was ruled upon. [ECF No. 58].

Thereafter, Plaintiff began filing a flurry of letters and motions, many of which were made on an emergency basis. *See, e.g.,* ECF Nos. 61, 68, 69, 70, 74, 76, 78, 79, 80. In response to the overwhelming number of filings made by Plaintiff, the Court scheduled a conference with the parties in an attempt to resolve the filings and move this case forward to resolution. [ECF No. 81]. Plaintiff, who was proceeding *pro se*, did not attend the conference and instead had an attorney, Richard Paul Stone, Esq., attend and represented to the Court that he was going to be representing Plaintiff moving forward. [ECF No. 101]. At that conference, the Court warned Plaintiff, through his new counsel, that Plaintiff could not continue to repetitively file motions or call and email chambers in violation of the Court's Individual Rules. [ECF No. 101]. Mr. Stone assured the Court that he spoke to Plaintiff and that it would not be an issue moving forward. [ECF No. 101]. The Court set a briefing schedule on Defendants' contemplated motion to dismiss. [ECF No. 92]. Shortly thereafter, the Court was informed that Mr. Stone would not be representing Plaintiff and Plaintiff would once again be proceeding *pro se*. [ECF Nos. 93, 94].

Defendants filed their motion to dismiss and supporting materials, [ECF Nos 97, 98, 99], and after the Court granted multiple extension requests, denied multiple further extension requests, and denied multiple letters requesting reconsideration of its prior denials, Plaintiff filed his

2

opposition to Defendants' motion. [ECF Nos. 141, 142]. Plaintiff continued to file numerous letters and/or motions. In response, the Court issued an Order, directing Plaintiff to stop filing duplicative requests and requests that relate to other actions, including other civil actions, appellate matters, or criminal cases. [ECF No. 156]. In that Order the Court specifically provided examples and citations to the record so Plaintiff understood the problematic filings. ECF No. 156 (citing ECF Nos. 124, 128, 129, 136, 138, 139, 144, 145, 146, 149, 150, 151, 152, 153, 154). The Court warned Plaintiff that if this conduct continued the Court may impose sanctions, including monetary penalties, loss of certain filing privileges, and/or the imposition of certain pre-filing restrictions. [ECF No. 156].

Plaintiff, in response to the Court's Order, filed another emergency motion seeking to compel the return of *criminal case* files from a former court-appointed *appellate counsel* unrelated to this civil matter. [ECF No. 158]. Thereafter, Plaintiff filed a motion for clarification on the Court's prior Order, [ECF No. 159], and an emergency motion for recusal. [ECF No. 161].

## **LEGAL STANARD**

Under Title 28 United States Code Section 455(a), a judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008).

Courts "evaluate partiality under § 455(a) 'on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance.' " *United States v. Rechnitz*, 75 F.4th 131, 142 (2d Cir. 2023) (quoting *Liteky v. United States*, 510 U.S. 540, 548 (1994) (emphasis in original)). "In making that objective analysis, [courts] consider 'whether a reasonable person, knowing all the facts, would conclude that the trial judge's impartiality could reasonably be questioned.' " *Rechnitz*, 75 F.4th at 142–43 (quoting *United States v. Thompson*, 76 F.3d 442, 451

(2d Cir. 1996)).  The central focus of the Section 455(a) inquiry is on how the *public* would perceive the judge's impartiality.  *See United States v. Amico*, 486 F.3d 764, 775 (2d Cir. 2007).

There is a strong presumption of judicial impartiality and "the movant bears the substantial burden of overcoming that presumption."  *Joachin v. Morningside Rehabilitation Nursing Home*, 23-CV-07652, 2024 WL 2924176, at *1 (S.D.N.Y. May 15, 2024) (internal quotations and citations omitted).

"Recusal motions are committed to the sound discretion of the district court . . . ." *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007); *Rechnitz*, 75 F.4th at 142–43 (given the level of discretion, the Second Circuit "will rarely disturb a district court's decision not to recuse itself."); *see also United States v. Buff*, No. 19-CV-5549, 2021 WL 5280246, at *2 (S.D.N.Y. Oct. 18, 2021) ("[T]he decision whether to grant a recusal motion is left to the discretion of the judicial officer.").

## DISCUSSION

Recusal is completely unwarranted here.  "As a general matter, '[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.' " *Aquino by Convergent Distributors of Texas, LLC v. Alexander Cap., LP*, 21-CV-1355, 2023 WL 8947137, at *2 (S.D.N.Y. Dec. 28, 2023) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)) (alternations in original).  Plaintiff's motion is based entirely on prior rulings or actions that the Court has taken based on what I have learned while presiding over this action, and thus are not reasonable grounds for seeking recusal.  *See Saladino v. Tufano*, No. 20-CV-9346, 2025 WL 2324075, at *3 (S.D.N.Y. Aug. 12, 2025) ("It is clear that [the movant] is unhappy with the undersigned rulings, but a party's disagreements with the undersigned's rulings and

4

recommendations in this case, and other events that occurred in the course of this case, are not legitimate grounds for recusal.").

Furthermore, in attempting to support his motion for recusal, Plaintiff alleges that I have been complicit with Defendants' harassment. [ECF No. 161]. Plaintiff specifically points as evidence of bias to the fact that I characterized Plaintiffs' repetitive emails, phone calls, and filings, that violate my Individual Rules of Practice, as "harassing" during a status conference and then Defendants allegedly reported that in other unrelated court proceedings. [ECF No. 101]. However, the Court's use of the word harassing is not a basis for recusal. *See S.E.C. v. Razmilovic*, 738 F.3d 14, 29–30 (2d Cir. 2013) ("recusal is not warranted where the only challenged conduct consist[s] of judicial rulings, routine trial administration efforts, and ordinary admonishments . . . .where the conduct occurs during judicial proceedings") (internal quotation marks omitted); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge"); *7 W. 21 LI, LLC v. Mosseri*, No. 25-CV-00849, 2025 WL 1224832 (S.D.N.Y. Apr. 28, 2025) (denying motion for recusal because the court merely admonished the *pro se* plaintiff for not following court rules).

Plaintiff further alleges that recusal is warranted because the Court "mischaracterize[d] [his] filings as improper or criminal." [ECF No. 161]. As an initial matter, the allegation that the Court labeled Plaintiff's filings as criminal is entirely false. While I have previously described some of Plaintiff's filings as improper or inappropriate, those rulings are not a basis for recusal. *See Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) ("[A]dverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality."); *Alexander*, 2023 WL 8174221, at *6 ("it is well-settled that a judge's adverse

5

rulings and decisions against a party almost never are a valid basis for a party to seek disqualification based on bias or impartiality.").

Plaintiff further alleges that my bias can be reasonably question because I "ordered Plaintiff proceed pro so" while "simultaneously using his lack of procedural knowledge against him." [ECF No. 161]. As an initial matter, it is completely false that the Court ordered Plaintiff to proceed *pro se*. This is a civil action and as such, Plaintiff has no constitutional or statutory right to counsel and has chosen to proceed with this action as a *pro se* litigant. *See, e.g., DeLeon v. Johnson*, No. 24-CV-8101, 2025 WL 1906726, at *1 (S.D.N.Y. July 9, 2025) ("there is not a constitutional right to counsel in civil cases"); *Francis v. City of New York*, No. 24-CV-2530, 2025 WL 1663861, at *1 (S.D.N.Y. June 12, 2025) ("in civil cases, unlike in criminal cases, there is no guaranteed right to counsel"). As noted above, Plaintiff did briefly have counsel, Mr. Stone, who appeared on his behalf at one status conference. [ECF No. 101]. However, Mr. Stone never filed a formal notice of appearance on the docket, [ECF No. 89], and while counsel assured the Court that he would file a notice of appearance immediately after the conference, he did not, and shortly thereafter Plaintiff filed a letter advising the Court that Mr. Stone would not be representing moving forward. [ECF Nos. 93, 94]. If Plaintiff wishes to retain counsel to represent him in this action he may do so, but he has no right to court appointed counsel. In fact, the Court previously granted Plaintiff's request to have additional time to retain counsel to represent him, [ECF No. 75], and Plaintiff even thanked the Court for the additional time to obtain counsel. [ECF No. 76]. Thus, the allegation that the Court ordered Plaintiff to proceed *pro se* is untrue and certainly does not support recusal.

Finally, Plaintiff's complaints about my case management, prior rulings, and the fact that I have yet to rule on certain motions, [ECF No. 161], are not a valid basis for an objective person to reasonably question my impartiality. *See Weisshaus v. Fagan*, 456 F. App'x 32, 35 (2d Cir.

6

2012) (explaining that " 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion' "); *James v. State Univ. of N.Y.*, No. 22-CV-4856, 2023 WL 3006104, at *2 (S.D.N.Y. Mar. 3, 2023) ("[i]t is well established that seeking a judge's recusal simply because a litigant is unhappy with a judge's . . . case management . . . is insufficient grounds to warrant recusal.") (internal quotation marks and citation omitted); *see also Murphy v. City of Elmira*, No. 18-CV-6572 (FPG), 2024 WL 396275, at *5 (W.D.N.Y. Feb. 2, 2024) (*quoting Farkas v. Ellis*, 768 F. Supp. 476, 479 n.6 (S.D.N.Y. 1991) ("As a general matter, '[j]udicial case management is left to the discretion of the trial court and does not provide a basis for recusal.' "); *Hernan Lopez Fontana, et al. v. Argentina Republic*, No. 03-CV-08531, 2025 WL 2652734 (S.D.N.Y. Sept. 16, 2025) (denying motion to recuse and explaining that the argument that a court "must recuse itself because of certain case management decisions; namely that the Court had yet to rule on these outstanding motions" is "without merit").

In sum, a reasonable person, knowing all the facts, would not conclude that my impartiality could reasonably be questioned. *See Rechnitz*, 75 F.4th at 142–43. As the Court explained above, there is a strong presumption of judicial impartiality and Plaintiff has not even remotely come close to carrying "the substantial burden of overcoming that presumption." *Joachin*, 2024 WL 2924176, at *1. Accordingly, I am obligated not to recuse myself. *See In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) (A judge is "as much obliged not to recuse [herself] when it is not called for as [s]he is obligated to when it is.") (citation omitted); *Clemmons v. Comm'r of Soc. Sec.*, No. 11-CV-1645, 2011 WL 6130926, at *3 (E.D.N.Y. Dec. 8, 2011) ("A judge is as much obliged not to recuse himself [or herself] when it is not called for as he [or she] is obliged to when it is.") (internal quotations and citations omitted) (alterations in original)). Plaintiff's motion for recusal is DENIED.

**The parties are reminded that failure to comply with the Court's orders or comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

## CONCLUSION

Accordingly, Plaintiff's Emergency Motion for Recusal is DENIED. As the Court previously explained, it will rule on any appropriately filed pending motions in the ordinary course. The Clerk of Court is respectfully requested to terminate the motions pending at docket entry 161.

**SO ORDERED.**

**Date:   September 26, 2025**
**          New York, NY**                                   _____
                                                              **MARY KAY VYSKOCIL**
                                                              **United States District Judge**