USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/07/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIE E. DENNIS,

                            Plaintiff,

-against-

K&L GATES LLP, *et al.*,

                            Defendants.

1:20-cv-9393 (MKV)

**ORDER**

---

    Plaintiff, a lawyer proceeding *pro se*, sues his former law firm alleging claims for race discrimination and retaliation in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and various state law claims. *See* Amended Complaint ¶¶ 123–223, [ECF No. 34]. A motion to compel arbitration was granted by the D.C. Superior Court and this case was subsequently stayed pending the outcome of the American Arbitration Association ("AAA") proceeding between the parties. [ECF No. 35].

    After receiving a joint letter from the parties regarding the conclusion of the AAA proceeding and multiple motions and letters from Plaintiff that he labeled as urgent, the Court held a conference on May 1, 2025. At that conference the Court warned Plaintiff, through Richard Stone, Esq., who very briefly appeared on behalf of Plaintiff before withdrawing as counsel, that Plaintiff needed to stop the profuse filings, emails, and calls to chambers. [ECF No. 101]. Plaintiff's former counsel, Mr. Stone, assured the Court that he made this warning clear to Plaintiff. [ECF No. 101]. Shortly thereafter, as discussed at the conference, the Court set a schedule for Defendants' contemplated motion to dismiss. [ECF No. 92]. In accordance with the schedule set by the Court, Defendants filed their motion to dismiss on May 14, 2025. [ECF No. 97]. The Court was then informed that Plaintiff would once again be proceeding *pro se*, and after multiple extensions were granted, [ECF Nos. 103, 113], several very clear warnings were issued, and

1

numerous further extension requests were denied, [ECF Nos. 118, 132], Plaintiff filed his opposition to Defendants' motion. [ECF No. 141]. Defendants replied. [ECF No. 147]. Therefore, as of August 7, 2025, the motion to dissolve the stay and dismiss this action was fully briefed.

Throughout the pendency of this litigation, Plaintiff has filed numerous letters and motions seeking various forms of relief that are either entirely duplicative of other requests made to this Court or are unsuitable for resolution by this Court. For example, Plaintiff has filed multiple letters asking the Court to reconsider its prior rulings and Orders denying Plaintiff temporary restraining orders and denying further extensions for Plaintiff to file his opposition to Defendants' motion to dismiss. [ECF Nos. 138, 144, 145, 146]. Plaintiff has filed numerous letters requesting that this Court preclude Defendants from making criminal accusations against Plaintiff, referring criminal accusations against Plaintiff to law enforcement, or initiating criminal proceedings against Plaintiff. [ECF Nos. 124, 128, 129]. Plaintiff has also filed several letters requesting that this Court appoint criminal counsel in this civil matter, [ECF Nos. 136, 149, 150], and letters regarding requests Plaintiff has previously or simultaneously made to other Courts, including the Second Circuit and the Supreme Court, regarding other matters. [ECF Nos. 139, 151, 152, 153, 154]. Additionally, Plaintiff repeatedly has been emailing the Court, sometimes multiple times a day, in violation of both my Individual Rules and prior written and verbal directives to not email materials to Chambers and to instead file any proper letters or motions with the Pro Se Intake office. *See* Rule B(i). This is an abbreviated summary of the numerous and repetitive filings Plaintiff has made in this action.

As this Court explained to Plaintiff at the May 1, 2025 conference and in multiple prior Orders, *see* ECF Nos. 75, 84, while Plaintiff is proceeding *pro se* and as such the Court must afford

Plaintiff special solicitude, *see Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)) ("Courts must afford *pro se* plaintiffs 'special solicitude' " in reviewing their filings.), as the Second Circuit has made clear, *pro se* status does not "excuse frivolous or vexatious filings" or "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks and citations omitted). Plaintiff's conduct is all the more egregious given that he is a former partner at a major New York City law firm.

As the Court has already explained to Plaintiff, numerous times and as early as 2022, the Court takes no action on letters and motions containing content and seeking relief that do not relate to the Plaintiff's civil case here, *see, e.g.*, [ECF Nos. 45, 156], because the Court has no authority or jurisdiction to resolve these matters. For this reason, Plaintiff's motions to appoint criminal counsel in this civil case, [ECF No. 136], to disqualify Proskauer Rose LLP unless criminal counsel is appointed, [ECF No. 155], and to compel and supervise the return of Plaintiff's criminal case files, [ECF No. 158], are DENIED. Plaintiff's motions seeking clarification or reconsideration, [ECF No. 138, 144, 159, 164], are also DENIED.

Defendants' motions to seal, [ECF Nos. 126, 163], are GRANTED. Defendant's motion to seal and request for sanctions, [ECF No. 165], is GRANTED with respect to sealing.

The Court will consider in the normal course the motions that remain pending on the docket in this case, including Defendants' motion to dismiss and the Parties' requests for sanctions. [ECF Nos. 96, 97, 122, 124, 130, 165].

**Failure to comply with the Court's orders or deadlines, the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties discovery or other**

**obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

The Clerk of Court is respectfully requested to terminate the motions filed at docket entries 126, 136, 138, 144, 155, 158, 159, 164.

**SO ORDERED.**

**Date:  October 7, 2025**
 **New York, NY**

*/s/ Mary Kay Vyskocil*
**MARY KAY VYSKOCIL**
**United States District Judge**

4