USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/10/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIE E. DENNIS,

                    Plaintiff,

          -against-

K&L GATES LLP, *et al.*,

                    Defendants.

1:20-cv-9393 (MKV)

**OPINION AND ORDER**

## I.    BACKGROUND

Nearly five years ago, Plaintiff, a lawyer proceeding *pro se*, filed this action (the "Action") against his former law firm. [ECF No. 1]. Shortly thereafter, Defendants moved for a stay of this Action pending the disposition of a motion to compel arbitration filed in the Superior Court of the District of Columbia (the "D.C. Superior Court"). [ECF No. 5]. The Court provided Plaintiff with opportunity to oppose the stay. *See* [ECF No. 32]. Instead, Plaintiff amended his complaint to remove certain claims. [ECF No. 34] (the "Amended Complaint"). The Amended Complaint alleges claims for race discrimination and retaliation in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, and various state law claims. *See* Amended Complaint ¶¶ 123–223. The motion in the District of Columbia to compel arbitration was granted based on a pre-existing agreement between the Parties, *see* [ECF No. 33], and I stayed this case, [ECF No. 35].

Plaintiff then filed a Demand for Arbitration with the American Arbitration Association ("AAA") that consisted entirely of a copy of his Amended Complaint from this Action (the "Arbitration"). [ECF No. 99-1]. The AAA Arbitrator dismissed the Arbitration with prejudice (the "Award"). *See* [ECF No. 58]. Plaintiff applied to AAA first to have the Award modified and then to have the Arbitrator disqualified. *See* [ECF Nos. 65, 71]. AAA rejected both requests. *See*

1

[ECF Nos. 65, 71]. Plaintiff next sought to vacate the Award in the D.C. Superior Court, which dismissed his petition as untimely and closed the case. *See Dennis v. K&L Gates LLP, et al.*, No 2025-CAB-002634 (D.C. Sup. Ct. Apr. 24, 2025). In the interim, Plaintiff was convicted on multiple counts of felony cyberstalking arising from harassment of his former law partners. *See United States v. Dennis*, No. 20 Cr. 623 (JSR) (S.D.N.Y. 2021).

Since the conclusion of the Arbitration, and even though this case has been stayed since 2021, Plaintiff has inundated this Court with filings, emails, and phone calls on an "urgent" basis. *See* [ECF No. 156]. At their most salient for present purposes, these have included:

- a letter updating this Court on Plaintiff's request to AAA to disqualify the Arbitrator who dismissed the Arbitration, [ECF No. 69];

- a letter asking this Court to enjoin AAA from accepting "any new orders from" that Arbitrator, [ECF No. 70] (denied at [ECF No. 75]);

- a letter cataloguing various defects in the Arbitration, and asking this Court to either order AAA to "make [] determination[s]" and "toll . . . deadlines," or provide "guidance" on "other ways to address" issues in the Arbitration, [ECF No. 74 at 4];

- a letter requesting that "this Court request that the Superior Court of the District of Columbia resolve [certain] factual disputes," [ECF No. 82 at 2]; and

- a letter requesting that this Court "issue a directive or letter to the AAA" seeking confirmation of various procedural facts and ordering that certain ministerial functions be undertaken, [ECF No. 114 at 2] (denied at [ECF No. 116]).

Now before the Court are Defendants' motion to dissolve the stay and dismiss this case, [ECF No. 97], motions by both Plaintiff and Defendants for sanctions, [ECF Nos. 96, 122, 124,

130, 165], and Plaintiff's motion "to supplement the record with notice of electronic interference events," [ECF No. 166] (cleaned up).

## II.    DISCUSSION

### A.  The Dispute Has Been Resolved in Arbitration and This Action Is Dismissed

When parties to an action in federal court choose or are compelled to pursue their claims in arbitration, the Federal Arbitration Act ("FAA") contemplates a real but limited role for the federal court pending the outcome of arbitration. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) (discussing "the supervisory role that the FAA envisions for the courts"). Over the past five years, this Court has filled that role, and with the termination of the Arbitration its supervisory mandate has been exhausted.

The Court was required to stay this action "until . . . arbitration ha[d] been had in accordance with the terms of the agreement" under which Plaintiff's claims were referred to arbitration. 9 U.S.C.A. § 3. Recent cases have presented the Second Circuit with closer calls on the question of whether arbitration has been had. *See, e.g.*, *Billie v. Coverall N. Am. Inc.*, 2023 WL 2531396, at *3 (2d Cir. Mar. 15, 2023) (summary order) (finding that arbitration had not been had where the party seeking dissolution of the stay had unilaterally withdrawn from arbitration before a final award was rendered); *Brown v. Peregrine Enters., Inc.*, 2023 WL 8800728, at *2 (2d Cir. Dec. 20, 2023) (summary order) (similar). This call is not close: "[A] final arbitral award has been rendered," *Peregrine*, 2023 WL 8800728, at *2, and arbitration has been had. *See* [ECF No. 58] (attaching Arbitrator's decision dismissing Plaintiff's claims with prejudice).

Plaintiff argues that this Court is required to maintain jurisdiction over this action on the basis that the Arbitration "[r]emains [p]ending" because "[t]he Award was never properly served

or delivered under AAA rules or Delaware law." [ECF No. 141] at 2.[1]  Even if it were true that Plaintiff had not received procedurally proper delivery of the Award, based on the Court's review of Plaintiff's own filings this issue would pertain only to the timeliness of any attempt to confirm or vacate the Award.  *See* [ECF No. 114] at 1 (discussing statutes, rules, and caselaw relevant to Plaintiff's claim that "the date(s) and method(s) of delivery of the final arbitration award . . . are necessary for determining statutory deadlines" for post-award proceedings).  That, like the question of whether Plaintiff's vacatur petition in the D.C. Superior Court remains pending, [ECF No. 141] at 2, is of no consequence in this Action.  Plaintiff has not sought vacatur in this Court, nor, by his own reading of the Parties' arbitration agreement, could he.  [ECF No. 141] at 2 ("Partnership Agreement §12.01(b) designates D.C. Superior Court as the forum for confirmation, enforcement, or vacatur.").

When the arbitration for which an action was stayed has concluded and no motion to vacate the award is pending before the court, it is standard practice in this District to dismiss the underlying action.  *See* [ECF No. 98] at 7-8 (citing *Chung v. 335 Madison Ave. LLC*, 2023 WL 7715785, at *2 (S.D.N.Y. Nov. 15, 2023); *Garcia v. Pritchard Indust., LLC*, 2023 WL 11994896 (S.D.N.Y. Sept. 28, 2023), *aff'd*, 2024 WL 5087517 (2d Cir. Dec. 12, 2024) (summary order); *Harris v. TD Ameritrade*, 2020 WL 3073235, at *2 (S.D.N.Y. June 10, 2020)).

Accordingly, Defendants' motion to dissolve the stay and dismiss is hereby GRANTED, and Plaintiff's motion to supplement the record is DENIED as moot.

---

[1] Plaintiff does not elaborate on this argument in his briefing, but, given his *pro se* status, the Court has tried to excavate its basis with reference to prior filings.  *See Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting Ruotolo v. I.R.S., 28 F.3d 6, 8 (2d Cir. 1994)) ("Courts must afford pro se plaintiffs 'special solicitude' " in reviewing their filings.).

B.  <u>In the Exercise of its Discretion, The Court Declines to Impose Sanctions.</u>

Also before the Court are the Parties' sanctions motions.  [ECF Nos. 96, 122, 124, 130, 165].

Plaintiff has three outstanding motions for Rule 11 sanctions against Defendants and defense counsel.  [ECF Nos. 96, 124, 130].[2]  These relate principally to Plaintiff's concern that certain communications and filings by defense counsel—variously over email, in this Court, and in other fora—"impl[y] threats of criminal referral," [ECF No. 96] at 1, based on Plaintiff's litigation-related conduct.  [ECF No. 96]; [ECF No. 124].  Plaintiff further alleges that these communications and filings, coupled with "interference with filings" and "blocking of electronic communications" have "had a chilling effect on [his] ability to litigate this matter."  [ECF No. 130].

"The standard for imposing Rule 11 sanctions . . . is purposefully high," *Galin v. Hamada*, 283 F. Supp. 3d 189, 201 (S.D.N.Y. 2017), *aff'd*, 753 F. App'x 3 (2d Cir. 2018), and Plaintiff does not even approach satisfying it here.  Sanctions should not be imposed "unless a particular allegation is utterly lacking in support."  *In Re Highgate Equities, Ltd.*, 279 F.3d 148, 154 (2d Cir. 2002).  Defendants' suggestions that Plaintiff's conduct in and around this litigation constitutes "harassment," [ECF No. 130-B] at 2, does not lack support.

To that point, Defendants have moved for sanctions on the basis that Plaintiff's conduct before this Court has been improper and vexatious.  [ECF No. 165].  And it is true, as Plaintiff has been reminded by this Court many times, *see* [ECF Nos. 78, 84, 156, 167], that "*pro se* status does not "excuse frivolous or vexatious filings" or "exempt a party from compliance with relevant rules of procedural and substantive law."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477

---

[2] [ECF No. 124] is styled as a "[c]orrect[ion]" of [ECF No. 122].  *See* [ECF No. 123].

(2d Cir. 2006) (internal quotation marks and citations omitted).   Moreover, "the degree of solicitude [due to *pro se* litigants] may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented.  The ultimate extension of this reasoning is that a lawyer representing himself ordinarily receives no such solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (citations omitted).   Nevertheless, I will exercise my discretion and decline to sanction Plaintiff at this time.  **Plaintiff is however on notice that this case is now closed.  Continued filing or attempts to communicate with Chambers about this matter may result in sanctions, including monetary penalties, loss of certain filing privileges, and/or the imposition of certain pre-filing restrictions.**

Accordingly, the parties' sanctions motions are DENIED.


The Clerk of Court is respectfully requested to terminate the motions filed at docket entries 97, 96, 122, 124, 130, 165, 166 and to close this case.


**SO ORDERED.**

**Date:   October 10, 2025**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

6